THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ABE JOSEPH, Defendant.

Supreme Court, Extraordinary Trial and Special Term, Orange County, February 9, 1940.

John J. Bennett, Jr., Attorney-General [Edward G. O'Neill, Assistant Attorney-General, of counsel], for the plaintiff.

Meyer J. Rider, for the defendant.

PERSONIUS, J. The indictment charges perjury in verifying applications for pistol permits. In each of two applications verified before a notary the defendant swore that he had never been arrested or indicted or convicted of any crime or criminal offense. It is alleged that the defendant had been indicted three times in the United States District Court for the Southern District of New York and that he pleaded guilty to the latter indictment on June 9, 1924, and was fined $2,500.

The facts stated are not controverted. The only question raised on this motion is whether false swearing to an application for a pistol permit constitutes perjury. The defendant argues that the oaths annexed to the application were not required by the statute, were purely voluntary, and that, therefore, perjury cannot be predicated thereon.

Subdivision 9 of section 1897 of the Penal Law made it the duty of the county judge " upon *proof* before him that the person applying therefor is of good moral character * * * to issue * * * a license to have and carry concealed a pistol or revolver." It further provides (subd. 10): " Before a license is issued * * * the officer to whom the application is made shall *ascertain* if the applicant has been convicted of crime. * * * A person who has been convicted in this State or elsewhere of felony * * * shall not be entitled to a license under this section." Nowhere does the statute *expressly* require that the application be sworn to but the " blank applications * * * shall * * * be approved as to form by the Superintendent of State Police." (Italics supplied.)

The county judge must, therefore, have " proof " of good moral character before him, and must " ascertain " the facts as to previous convictions. The form of the application was approved by the Superintendent of State Police. This form is required to be verified. Although the statute does not *expressly* require that the

application be verified, we think the county judge was authorized to require an affidavit as *proof* of good moral character and in order to *ascertain* if the applicant had previous convictions. Such authority is (1) implied, (2) expressly granted by section 358 of the Civil Practice Act, and (3) by the form of the application which the Superintendent of State Police was required to and did approve. (*Foreman* v. *Union & Advertiser Co.*, 83 Hun, 385; *People ex rel. Ostrander* v. *Chapin*, 105 N. Y. 309, 316, 317; cited with approval in *People ex rel. Hamilton Park Co.* v. *Wemple*, 139 id. 240, 246.)

By section 1620 of the Penal Law a person is guilty of perjury who swears that any affidavit or other writing by him subscribed is true, in connection with any inquiry, or on any occasion in which an oath is necessary for the ends of public justice, or may lawfully be administered. The verifications in question fall within this section.

The defendant's attorney argues that the license to carry a firearm is not issued upon the application but upon independent investigation. Subdivision 9-b of section 1897 of the Penal Law (not effective when the first application was verified) requires an investigation of the statements in the application by the local police and in the files of criminal identification at Albany as to applicant's previous criminal record. Subdivision 10 also requires a photograph and fingerprints. The requirement for this additional investigation does not negative the right of the county judge to take the sworn application into consideration, nor does it sanction false statements in the application. In determining whether to issue the license, the county judge is entitled to consider the facts stated in the application as well as the facts developed by outside investigation. An examination of the files of the State Department of Correction would probably disclose previous convictions in the State but not convictions in the United States courts or in the courts of other States. The latter, as well as the former, forbid the issuance of a license.

*People ex rel. Greene* v. *Swasey* (122 Misc. 388), cited by the defendant, is at most dicta. The court pointed out (at p. 391) that the fact sworn to was immaterial and, further, that the defendant did not swear to the statement in the verification.

It is not contended that the testimony before the grand jury was insufficient to support the indictment if perjury could be based upon the verification of the applications for pistol permits. Holding, as we do, that perjury can be based upon such false affidavits, the defendant is not entitled to an examination of the minutes.

Motion denied. Submit order accordingly.