Charles Lambíase, J.
In each of the above article 78 proceedings a motion has been made for an order annulling the determination of the respondents in granting a permit for landfill operations upon the application of Irondequoit Rubbish Disposal, Inc., and for such other and further relief as to the court may seem just and proper.
In each of the above proceedings a cross motion has been made by respondents in which the relief asked is for an order pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings dismissing the petition herein on the grounds that the petitioners failed to state in their petition facts sufficient to constitute grounds for the relief sought therein, and *138 granting judgment in favor of the respondents, with costs, and for such other and further relief as to the court may seem just and proper.
An answer has been served by respondents in each of the above-entitled proceedings in which they “ request that the relief sought by the petition herein be denied, that the petition be dismissed, with costs, and for such other and further relief as to the Court may seem just and proper.” The return is included with the answer in the second above set forth proceedings.
On January 10, 1961 an application in writing was made to the Town of Irondequoit by the Irondequoit Rubbish Disposal, Inc., a privately owned corporation, operated for the purpose of collecting rubbish, throughout the town. The application was for a permit to operate a sanitary landfill in eastern Irondequoit, New York abutting a road called Dozier Lane for a period of five years. Pursuant to notice, a meeting or public hearing was held before the Town Board in the Irondequoit Town Hall on January 26, 1961 in connection with the application. There was considerable opposition to the granting of the permit. The Town Board reserved decision, and thereafter and on September 7, 1961 it granted the application for a permit for a period of five years to conduct a sanitary landfill operation subject to the terms and conditions set forth in a paper executed by applicant and the town and entitled “ permit and agreement ”. The agreement defined the steps which were to be taken by the corporation to insure the protection of area residents, and provided for the procurement of a performance bond.
These proceedings were instituted for a judicial review of the board’s determination on the ground that (1) the granting of the permit was illegal in that it violated the provisions of section 20 of the Zoning Ordinance of the Town of Irondequoit, New York; and (2) that the board acted arbitrarily and capriciously in granting the same.
Respondents contend: that the Town of Irondequoit, New York has legislative authority to designate, regulate and control dumps and dumping grounds; that the Town Board in granting the permit to conduct a sanitary landfill operation did not act beyond its legislative authority nor is its decision arbitrary, capricious, or illegal; and that the issuance of a permit under section 20 of the Zoning Ordinance by the Town Board is a legislative act which is not reviewable in an article 78 proceeding.
The control of dumping of refuse, waste material, and other substance within its confines is within the legislative powers of the Town Board of Irondequoit, New York and is a proper *139 exercise of the police power of said town (Town Law, § 130, subds. 6, 15; Wiggins v. Town of Somers, 4 N Y 2d 215). We do not understand that such powers are questioned herein. Furthermore, in our opinion that is not the question before us. We think that the sole issue presented for determination involves the construction of section 20 of the Zoning Ordinance of the Town of Irondequoit hereinafter set forth, and concerns the question of whether the issuing of the permit to Irondequoit Eubbish Disposal, Inc., by the Town Board resolution of September 7, 1961 is authorized by said section.
The Town Board of Irondequoit in the exercise of its legislative and police powers enacted section 20 of the Zoning Ordinance of the Town of Irondequoit, New York which provides and at all times herein mentioned provided: ‘ ‘ section 20. Dumping Grounds. Dumping of refuse, waste material and other substances is absolutely prohibited in all districts in the town except for the purpose of filling to establish grades, for which a permit must be obtained from the Town Board, approved by the inspector of buildings. The person receiving such permit must keep the material deposited leveled off as soon as deposited and when fill-in is completed shall cover said materials with at least four (4) inches of clean earth within a reasonable time thereafter.” Prior to the enactment of said section there existed a dumping ordinance enacted by the Town Board of the Town of Irondequoit which provided that the dumping of ashes and/or rubbish was prohibited in the town except on lands or premises officially designated by the Town Board and maintained by the town. The residents of the town were required at that time to obtain a permit before using any of such lands or premises for dumping purposes. It seems that some appreciable time before 1954 when section 20 of the Zoning Law was adopted, the Town of Irondequoit ceased to designate and to maintain any premises for dumping purposes.
It is the position of the Town Board that by the enactment of section 20 aforesaid of the zoning ordinance, the dumping of refuse, waste material and other substance is not completely prohibited, but rather that such dumping is prohibited without the express permission of the Town Board; that by said ordinance there was provided the purpose for which the dumping of said materials may be done within the Town of Irondequoit; and that all dumping was prohibited except with the permission of the Town Board for the purpose of filling to establish grades. Furthermore, respondents contend that the action taken by it in granting the permit under section 20 aforesaid is legislative in nature, and is not reviewable in an article 78 proceeding.
*140 It is the position of both petitioners that the Town Board of Irondequoit in construing said section 20 so as to contemplate and sanction the action taken by it has acted indeed in contravention of said section; that its action in granting the permit constitutes an act which should be found to be arbitrary and illegal abuse of discretion; and that the proper procedure to review the action of the Town Board herein is by an article 78 proceeding. We agree with the foregoing position of the petitioners.
Throughout the record before us there is emphasized the necessity of obtaining a new disposal outlet for rubbish and garbage for the Town of Irondequoit, New York. It appears that there had been discussed the construction of an incinerator. This was thought to be costly, and would not resolve the necessity for maintaining some sort of dump or landfill to dispose of the noncombustible materials. The granting of this permit apparently had received much consideration on the part of the town authorities as a solution of the problem. Rapid action in connection therewith was suggested and approval thereof was given in a letter dated September 1, 1961 signed by the Town Building Inspector whose approval is required under said section 20, and which letter was by him sent to the Town Board.
The permit was granted “ to operate and maintain a sanitary landfill ” and “ for the purpose of disposing of refuse and waste materials and for such other purposes as are normally incidental to and accessory to such sanitary landfill. ’ ’ The operation is conducted on a town-wide basis by an incorporated association of individual refuse collectors who in turn deal directly with the town residents under private contractual arrangements.
It seems to us that the Town Board’s approval of the so-called landfill operation was an alternative to the other suggested solution of the refuse disposal problem, viz., the construction and operation of a municipal incinerator plant. We do not think that what was done is related to a proposal of landfilling to establish grades having in mind section 20 and reading in connection therewith section 30 of the same ordinance which now reads and at all times herein mentioned read: ‘ ‘ section 30. Interpretation and Application. In their interpretation and application, the provisions of this Ordinance shall be held to be minimum requirement, adopted for the promotion of the public health, morals, safety, or the general welfare. Whenever the requirements of this Ordinance are at variance with the requirements of any other lawfully adopted rules, regulations or Ordinances, the most restrictive, or that imposing the higher standards, shall govern.” To be sure the operation allowed under *141 the permit will of necessity result in an alteration of surface levels, but we think that such result is purely incidental and in no way the objective of the undertaking.
It may well be that Irondcquoit, New York, a rapidly growing community, has need for additional garbage, rubbish and other waste material disposal. However necessary that may be, and notwithstanding the worthy end to be accomplished, it cannot be accomplished by attempting to amend section 20 aforesaid by interpretation. Amendment of an ordinance is a legislative function, but it was not used in this instance. The Town of Irondequoit undoubtedly has the power within recognized constitutional limits to provide for its needs in this respect by proper legislative enactments, but, in our opinion, it may not provide said facilities under existing section 20.
Lastly, we determine that an article 78 proceeding is the proper procedure to test the action of the Town Board. An order may be submitted in each of the above-entitled proceedings annulling the determination of the respondents in granting to Irondequoit Rubbish Disposal, Inc., the permit for landfill operations, in each instance, without costs. The cross motion of the respondents in each instance is in all respects denied, without costs.