Liston F. Coon, J.
Defendant stands indicted in a one-count instrument for the felony crime of perjury in the second degree. He now moves to dismiss that indictment pursuant to the Criminal Procedure Law. While multiple reasons are advanced for the requested relief, the court need base its decision upon a single ground, to wit: ‘ ‘ there exists some other jurisdictional or legal impediment to conviction for the offense charged.” (CPL 210.20, subd. 1, par. [h]).
The history behind this indictment is essentially agreed upon. Following a judgment of conviction for another crime, defendant initiated a petition for a writ of error coram nobis. It bears evidence of having been sworn to before a notary public. Numerous statements appear therein claimed by the People to be false. Apparently satisfied that this was so, the Grand Jury indicted.
The central issue here is to answer the question: Is a petition for a writ of error coram nobis “ a subscribed written instrument for which an oath is required by law ”?
Section 210.10 of the Penal Law provides that, 1 ‘ A person is guilty of perjury in the second degree when he swears falsely and when his false statement is (a) made in a subscribed written instrument for which an oath is required by law, and (b) made with intent to mislead a public servant in the performance of his official functions, and (c) material to the action, proceeding or matter involved.” The statute being in the conjunctive, proof of each element of the crime charged is necessary to a conviction. (People v. Brown, 25 N Y 2d 374.)
The writ of error coram nobis had an ancient derivation as a remedy in chancery. In New York the remedy is a product of contemporary common-law development without statutory status, although some recognition was given in 1947 by providing for appeals in section 517 of the Code of Criminal Procedure. (L. 1947, ch. 706, § 1, as amd. by L. 1954, ch. 806, § 1.) The Criminal Procedure Law, only recently effective, has now added statutory status to this post-judgment application for relief (CPL 440.10). The underlying proceeding here, however, antedated the effective date of the new procedure law.
Heretofore no formality was attached to coram nobis applications. Courts frequently received and acted upon proceedings of this type initiated through informal and unverified writings. This the Court of Appeals found acceptable. In People v. Sullivan (4 N Y 2d 472, 474) the court said, “ The court, despite the informality of the paper, treated the request for reconsideration as a new motion for relief coram nobis. This was quite proper. ’ ’
*816 Thus it may be considered that prior to the Criminal Procedure Law a coram nobis application was not a proceeding, the written instrument for which, by law, required an oath.
The People argue otherwise, relying upon People v. Ali and its companion case People v. Shaw (35 A D 2d 435). Shaw involved an unsworn letter. In suggesting guidelines for applications of the type there encountered, the Appellate Division wrote (p. 438), “ The validity of applications is predicated on substance rather than form and if it appears that an application or communication has merit the trial-court will entertain it as a sufficient application; however, unverified applications should not be considered as adequate to require a hearing and the trial court should promptly so advise applicants ”.
The People’s reliance on these cases is misplaced. What the court is saying is not that the law requires a coram nobis application to be verified but that to be sufficient to grant a hearing there should be factual sworn statements tending to establish a triable issue upon which a possibility of success might rest.
Furthermore, the court was speaking more specifically to the type of case then before it, involving the so-called ‘1 Montgomery type ” relief. (See People v. Montgomery, 24 N Y 2d 130.)
Although this court finds the Appellate Division’s didactic guidelines salutary to the extent of seeking to dissipate confusion in that area of the law, it cannot be accepted that verification was a legal requirement to the initiation of applications as the procedure statutes existed at the time here in question.
Holding, as the court does, that the defendant’s petition required no oath by law, does the purported oath to defendant’s papers nevertheless -bring his alleged actions within the ambit of the perjury statutes ?
Under the former Penal Law, the perjury sections differentiated between occasions where an oath was required, both in substantive and procedural aspects. (§§ 1620-a, 1620-b and 1627-a.) The case law on the precise issue is meager.
In People v. Joseph (173 Misc. 410) the defendant was charged with perjury alleged to have occurred by swearing to an application for a pistol permit in which he denied conviction for a crime. While holding that the law did not require that such an application be verified, the Supreme Court, Special Term, nevertheless sustained the indictment on the grounds that the County Judge, as licensing officer, had implied authority to legally require an oath. It is to be noted, however, that the reported decision does not indicate which degree of perjury had been charged.
*817 In People v. Lillis (3 A D 2d 44), a conviction for perjury as a misdemeanor was reversed and the indictment dismissed. This case involved a statement given by the defendant to an agent of the State Liquor Authority and purportedly sworn to. While holding that a misdemeanor perjury conviction may ordinarily be obtained where an oath was lawfully administered although not required by law, the court did find a distinction as to the issue of requirement and held that since the statement in question did not require an oath by law, section 1627-a of the Penal Law, which provided that for purposes of pleading and proof the identity of which contradictory testimony or statement was false need not be proven, could not be relied upon.
In the situation now before the court it may be that the defendant committed perjury but not in the degree charged.
Perjury under the Pe: al Law now consists of three degrees, the lowest of which is an act of false swearing (Penal Law, § 210.05). To swear falsely is defined as the intentional giving of a false statement not believed to be true, “ under oath in a subscribed written instrument ” (Penal Law, § 210.00, subd. 5).
The circumstances in this case establish that there is a legal impediment to conviction of the defendant for the offense charged. The indictment is dismissed without prejudice to the right of the People, if deemed advisable, to initiate a criminal action in local criminal court for the crime of perjury in the third degree.