*837 Memorandum. The order of the Appellate Division should be affirmed. The defendant stands convicted of perjuring himself before a Bronx County Grand Jury investigating New York City police corruption. At trial, Patrolman Frank Ser pico and Lieutenant Irving Liebman testified that defendant stated in their presence that he was “ on for ”* policy or numbers, but not bookmaking. Called as a witness before the Grand Jury and repeatedly assured that he was not a target of the investigation, defendant several times asserted that he could not remember if he had made the statement attributed to him by Officers Ser pico and Liebman. The defendant was then asked the following question: ‘ ‘ Again, I ask you, sir, did you say to the police officers in words or substance or give any indication or impression to them that you were paying off any police officers by using the phrase in words or substance that, ‘ I’m on for policy,’ yes or no, Mr. Trozzo? ” to which defendant answered “ No ”. In the ensuing colloquy, he again asserted that he could not remember, adding, “ How could I say that if I was never on? ” The Assistant District Attorney then asked: “ You couldn’t say it and you didn’t say it because you were never on for policy, is that correct? ”, to which defendant replied, “ That’s correct.” Concluding, the Assistant District Attorney asked, “ That’s what your testimony is? ”, and defendant responded, “ Yes ”.
On this evidence the jury was privileged to conclude beyond a reasonable doubt, as it did, that the defendant intentionally made the false statement which he did not believe to be true. (Penal Law, § 210.15.) While examination by the District Attorney was sharp and exacting, we cannot characterize it as entrapping or deceptive. Beading defendant’s testimony as a whole, it is apparent that his denial was purposeful, not unintended, and certainly not tricked. After much equivocation punctuated by substantial claimed lapse of memory, when pressed by the Assistant District Attorney the defendant unequivocally denied having made the alleged statement and bolstered that denial with the rhetorical response, “ How could I say that [I was on for policy] if I was never on.” Defendant’s other points for reversal have been considered and found to be without merit.
*838 Judges Jasen, Gabrielli, Jones, Rabin and Stevens concur in memorandum; Chief Judge Breitel dissents and votes to reverse in following memorandum in which Judge Wachtler concurs: I dissent on the ground that as a matter of law it appears from the record of the Grand Jury testimony that the witness was tricked by a logic he could not understand and by questions that could not prevail over objections in an adversary proceeding to make an assertion he never intended to make.
Order affirmed.

 Defendant testified that the phrase means, “ If you are on, you are on to be protected * * * from the law.”