Alexander Vitale, J.
The defendant’s motion to dismiss the indictment herein raises a novel issue as to whether an individual who makes allegedly false statements in a written *989 confession may be subject to prosecution for the crime of making a punishable false written statement (Penal Law, § 210.45).
The defendant was indicted on October 3, 1975 for the crimes of criminal possession of stolen property (2 counts) and criminal possession of a weapon in the third degree. He was also indicted for two counts of making a punishable false written statement as the result of allegedly giving two false written statements to the police in the course of their investigation of two stolen motor vehicles. Each statement stated at its conclusion "I have been advised that any false statements made herein are punishable as a Class 'A’ misdemeanor, pursuant to Section 210.45 of the Penal Law.”
The defendant contends that these counts of the indictment are defective as a matter of law on the grounds that section 210.45 of the Penal Law is not applicable to confessions.
Section 210.45 of the Penal Law states that: "A person is guilty of making a punishable false written statement when he knowingly makes a false statement, which he does not believe to be true, in a written instrument bearing a legally authorized form notice to the effect that false statements made therein are punishable.”
The language of the statute indicates that it is not applicable to all statements, but rather only to those bearing "a legally authorized form notice” (emphasis added). While the Penal Law gives no definition of what a legally authorized form notice is, the legislative history of section 210.45 of the Penal Law does provide some answers.
Section 210.45 of the Penal Law is derived from subdivision 4 of section 1620 of the Penal Law of 1909. The predecessor statute was enacted as part of chapter 645 of the Laws of 1964. (See Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 210.45, p 496.) The Governor’s message upon approving this provision states:
"This bill, sponsored by the State’s Interdepartmental Management Improvement Council, would simplify the procedures for filing documents with various State agencies by eliminating unnecessary requirements of notarization * * *
"This bill is a product of a preliminary survey by the Council. While it is not intended to be a comprehensive revision of each relevant statute, it does demonstrate the wide range of benefits which can flow from a complete re-examina *990 tion of these statutes. Its provisions amend 26 separate statutes to eliminate a specific requirement for notarization of forms. Under these provisions, benefits would flow not only to the public generally, but to businessmen, attorneys, State licenses and public officials. Each will be freed from the mechanical requirement that he appear before a notary public to execute a form to be filed with the State. In its place, he need only execute the form, affirming that the statements therein are true. A false statement could continue, of course, to be punishable as perjury.” (McKinney’s Session Laws of 1964, p 1965.)
The fact that the predecessor statute was enacted together with 26 separate statutes (see, e.g., General Business Law, § 72, subd 4; General Municipal Law, § 103-d, subd 1; etc.) makes it evident that section 210.45 of the Penal Law is only applicable to situations where a specific statute authorizes the use of an affirmation in place of a notorized form.
While the use of a form notice that false statements may be punished is authorized by the GPL as an alternative method of verifying accusatory instruments (CPL 100.30; People v Coldiron, 79 Misc 2d 338), this court cannot find any authority either in the CPL or the Penal Law which would authorize the use of either an affirmation or a form notice in a written confession.
Moreover, it appears that a confession is not a written instrument within the meaning of section 210.45 of the Penal Law.
Penal responsibility may not be extended beyond the fair scope of the statutory mandate (People v Gottlieb, 36 NY2d 629, 632; People v Wood, 8 NY2d 48, 51). The legislative history of section 210.45 of the Penal Law as previously noted, clearly establishes that it was only intended to apply to applications or other documents, submitted to governmental agencies which would otherwise require oaths before notaries. (See Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 210.45, p 496.) The term "written instrument” may not be given a broader definition than the Legislature intended. (People v Gottlieb, supra.)
Under these circumstances the court finds that as a matter of law the People have failed to sustain necessary elements of the crime of making a punishable false written statement. Accordingly, the fourth and fifth counts of the indictment are dismissed.
*991 In regard to the remaining counts of the indictment, the court has read the Grand Jury minutes in considering the motion to dismiss. (CPL 210.30, subd 4, par [b]; Matter of Miranda v Isseks, 41 AD2d 176.) Upon reading such minutes, this court is satisfied that the evidence presented to the Grand Jury is legally sufficient to sustain the first, second and third counts of the indictment.