The People of the State of New York, Respondent, v Robert H. Laws, Appellant.

Third Department, August 4, 1977

*William F. Wilcox* for appellant.

*William F. O'Brien, III, District Attorney,* for respondent.

Kane, J. On September 24, 1975 defendant gave a sworn statement to a member of the New York State Police detailing his involvement in the trafficking of illegal drugs with one Michael Cunningham who was then under indictment. Pursuant to a subpoena, defendant was called as a prosecution witness to testify at the Cunningham trial in January of 1976. Although the prosecution attempted to elicit testimony from him about the purchase of drugs from Cunningham in conformity with his earlier statement, defendant refused to answer certain questions, invoking his Fifth Amendment privilege, and, among other responses, swore that he had only purchased jewelry from Cunningham. The prosecution con-

tended that this testimony and the statement previously obtained were irreconcilably inconsistent, thereby proving the crime of perjury in the second degree (Penal Law, §§ 210.20, 210.10), and the jury agreed.

The two accounts were plainly incompatible as a legal proposition *(People v Dunleavy,* 41 AD2d 717, affd 33 NY2d 573), and defendant's efforts to explain those inconsistencies and harmonize one with the other merely presented issues of fact for resolution by the jury (see *People v Grier,* 42 AD2d 803). We not only find the proof sufficient to establish defendant's guilt beyond a reasonable doubt and the jury's verdict consistent with the weight of the evidence, we believe that the record discloses overwhelming support for its conclusion. Given the short time interval separating the two accounts and the unequivocal nature of his answers on each occasion, it cannot be seriously maintained that the differences between the two reflected a fallible memory or confusion on defendant's part (cf. *People v Samuels,* 284 NY 410; *People v Lombardozzi,* 35 AD2d 528, affd 30 NY2d 677). Each of defendant's versions was clear and purposeful and at neither time can it be said that he had been tricked into giving unintended responses *(People v Trozzo,* 34 NY2d 836).

Defendant also claims that his testimony at the Cunningham trial was improperly received into evidence against him; that his written statement of September 24, 1975 was not one for which an oath was required by law so as to support a second degree perjury conviction; and that he was improperly sentenced as a second felony offender. We reject these arguments.

A suppression hearing was conducted concerning the written and testimonial statements and the record supports the findings of the voluntary character of each beyond any doubt. Defendant was counseled by two retained attorneys before the written statement was given and he was presented with the opportunity of consulting with a lawyer of his own choice before testifying at the Cunningham trial. The suggestion that the admission of either account into evidence at his perjury trial violated any constitutional rights is totally without foundation *(United States v Mandujano,* 425 US 564).

Among other elements, second degree perjury requires that one swear falsely in a written instrument for which "an oath is required by law" (Penal Law, § 210.10). Such an oath is required for a written instrument when "absent an oath or

swearing thereto, it does not or would not, according to statute or appropriate regulatory provisions, have legal efficacy in a court of law or before any public or governmental body, agency or public servant to whom it is or might be submitted." (Penal Law, § 210.00, subd 4.) Defendant contends that his sworn statements of September 24, 1975 did not require an oath under that definition and relies on *People v Lillis* (3 AD2d 44) in support of his argument. We disagree. In *Lillis* the defendant contradicted a written statement he had given under oath to an investigator for the State Liquor Authority. As that decision points out, however, the execution and form of such statement was not regulated by law and the annexation of an oath added nothing to its legal effect *(People v Lillis, supra,* p 47). Here, by way of contrast, the defendant was on trial for drug related offenses when the proceedings were interrupted upon his agreement to give a subscribed written instrument, under oath, about his involvement with Cunningham. He denied that he further promised to testify against Cunningham at a later date, but does not dispute the understanding that his oath would support that statement. On September 23, 1975 defendant was allowed to plead guilty to the least serious charge then pending against him in satisfaction of the indictment and, after completing the statement, was ultimately sentenced to the minimum period of incarceration mandated for that conviction. In short, the giving of a sworn statement was one of the terms attached to the bargain voluntarily struck by defendant as part of the negotiations which led to his conviction. It can hardly be imagined that his plea would have been accepted by the trial court, or that it would have fulfilled the sentencing agreement, had defendant repudiated that bargain and supplied authorities with an unsworn account. Defendant's oath was crucial to the plea negotiations and his statement would not have possessed legal efficacy without it. True, that oath was not expressly required by statute or appropriate regulatory provision, but we decline to interpret those terms as narrowly as defendant would have us read them. The condition that an oath accompany defendant's statement was in accordance with plea bargaining practices of long-standing and common acceptance in situations such as this one. A trial court has implicit authority to approve the terms under which it will accept guilty pleas and we do not think that the evident purpose of the statute should be restricted by insisting on the adoption of a mechanical regulation to cover this subject (see *People v Martin,* 175 NY 315; *People v Joseph,* 173 Misc 410).

Lastly, as to the question of sentence, defendant could only be treated as a second felony offender if the sentence for his drug conviction was imposed before the perjury was committed (Penal Law, § 70.06, subd 1, par [b], cl [ii]). Since that sentence was imposed before defendant testified at the Cunningham trial, the issue becomes one of determining when the perjury was committed under the statute permitting proof thereof by means of inconsistent statements without designating the falsity of either (Penal Law, § 210.20). We can agree that the period of limitation began to run on September 24, 1975 (see *People v Lohnes*, 76 Misc 2d 507), but that does not answer our inquiry for the statement given on that date may well have been true. Perjury could not have been charged under the theory utilized by the prosecution in this case until some falsity was manifested by defendant's subsequent inconsistent testimony. By then, of course, defendant already stood convicted of a predicate felony. Under these circumstances, we conclude that the perjury, as alleged, was not committed until the inconsistency appeared and, therefore, defendant was properly sentenced as a second felony offender.

The judgment should be affirmed.

MIKOLL, J. (dissenting). I dissent and vote to reverse.

Defendant was tried for the crimes of perjury in the first degree and perjury in the second degree on September 22, 1976 arising out of a written sworn statement given to the State Police by the defendant on September 24, 1975 and the oral testimony given by the defendant during a criminal trial of *People v Cunningham* in January of 1976.

At the end of the People's case defense counsel renewed his earlier motion for a dismissal of the indictment for the People's failure to prove that the statements made by the defendant were irreconcilably inconsistent.

Defendant seeks a reversal of his conviction of perjury, in the second degree on the ground that the People have failed to prove the cause of action, on the ground that his statements are not irreconcilably inconsistent and on other grounds.

A review of the record reveals that defendant's sworn statement to Investigator White and his subsequent courtroom testimony are not irreconcilably inconsistent. The specific accounts of drug transactions with Cunningham described in the sworn statement indicate that they all occurred prior to

September, 1974. Therefore, defendant's answer denying that Cunningham sold him any LSD or Bromo in September of 1974 was not irreconcilably inconsistent with his sworn statement. His denial that he paid Cunningham for drugs in September, 1974 was likewise not such an inconsistency. Defendant's invocation of his Fifth Amendment privilege may have demonstrated an attitude of non-co-operation on his part but this did not give rise to any irreconcilable inconsistencies. Defendant was shown specific groups of purple and pink pills at the Cunningham trial and asked, "Do you know what they are?" His response in the negative cannot be said to have been irreconcilable to his sworn statement which referred to pink and purple pills. The defendant had no way of knowing the content of the pills displayed to him at the trial nor of specifically identifying them. He did state that he had seen pills that appeared the same. Defendant, when asked if he ever purchased anything else from Cunningham, replied in the negative. This question was indefinite as to the time, place and context. Preceding questions referred to specific items of jewelry purchased and not to drugs and what the questioner was referring to was unclear. The defendant's answer to that question cannot be said to be irreconcilably inconsistent.

It was reversible error for the trial court to deny defendant's motion of dismissal, made at the close of the People's case and at the close of the trial.

The defendant was found guilty of section 210.10 of the Penal Law which reads as follows: "A person is guilty of perjury in the second degree when he swears falsely and when his false statement is (a) made in a subscribed written instrument for which an oath is required by law, and (b) made with intent to mislead a public servant in the performance of his official functions, and (c) material to the action, proceeding or matter involved.

"Perjury in the second degree is a class E felony."

Section 210.00 of the Penal Law defines the terms used in the perjury statutes. Subdivision 4 defines "Oath required by law" as follows: "An affidavit, deposition or other subscribed written instrument is one for which an 'oath is required by law' when, absent an oath or swearing thereto, it does not or would not, according to statute or appropriate regulatory provisions, have legal efficacy in a court of law or before any public or governmental body, agency or public servant to whom it is or might be submitted."

This defendant gave to the State Police a statement under oath regarding his drug dealings with Ronald Cunningham who had previously been indicted. The indictment against Cunningham was never introduced at the trial so that its precise nature remains unclear. Testimony at trial alluded to the fact that the defendant Cunningham was charged with drug violations.

There is no statute in New York mandating that the statements which were made by the defendant to State Police be made under oath nor is there any appropriate regulatory provision to this effect. Absent such a statutory or regulatory provision, the crime of perjury in the second degree could not have been committed *(People v Lillis,* 3 AD2d 44; *People v Frisbie,* 68 Misc 2d 814, revd on other grounds 40 AD2d 334).

It was error to submit the crime of perjury in the second degree to the jury. The evidence thereof, as a matter of law, did not establish all the elements of the crime of perjury in the second degree. This error would necessitate a new trial. However, due to the failure of proof as previously noted, a dismissal of the indictment is required here.

Defendant, on this appeal, further contends that the jury was misled by extraneous matters presented at trial. It is to be noted that the entire sworn statement taken from defendant by Investigator White was ruled admissible by the trial court over the objection of defense counsel. This sworn statement indeed contained admissions of other dealings in drugs by defendant and permeated the trial with proof of other crimes for which the defendant was not on trial. These matters most probably would have had a prejudicial effect on the jury. Further, defendant did not have personal counsel to advise him regarding his invocation of his Fifth Amendment rights during the course of the trial. He attempted to consult with defense counsel assigned to him for other purposes but the attorney declined to advise him on this matter. These rulings by the trial court were erroneous.

Thus, in view of the errors of law and fact mentioned above and in view of the cumulative effect of these errors, as a matter of law and in the interests of justice, the conviction should be reversed and the indictment dismissed.

KOREMAN, P. J., MAHONEY and MAIN, JJ., concur with KANE, J.; MIKOLL, J., dissents and votes to reverse in an opinion.

Judgment affirmed.