*436 OPINION OF THE COURT
Walter T. Gorman, J.
On July 9, 1979, the defendant made an omnibus application which included, among others, a motion pursuant to CPL 210.30 requesting the court to make an in camera inspection of the Grand Jury minutes and dismiss the indictment; a motion under CPL 710.60 to suppress certain statements; and a motion to dismiss upon the ground the indictment is a result of selective enforcement.
Having read the Grand Jury minutes, the court finds that the evidence presented was legally insufficient to support the charge in the indictment alleging perjury second degree.
The elements necessary under the statutory charge of perjury as set forth in section 210.10 of the Penal Law are as follows: "A person is guilty of perjury in the second degree when he swears falsely and when his false statement is (a) made in a subscribed written instrument for which an oath is required by law, and (b) made with intent to mislead a public servant in the performance of his official functions, and (c) material to the action, proceeding or matter involved.”
The failure to present any one of these elements to the Grand Jury is fatal to the sufficiency of the indictment because "[t]he statute being in the conjunctive, proof of each element of the crime charged is necessary to a conviction. (People v. Brown, 25 NY2d 374.)” (People v Frisbie, 68 Misc 2d 814, 815.)
No evidence was presented to the Grand Jury that a false statement was made by the defendant. There must be evidence that establishes that the defendant made a statement that is irreconcilably inconsistent with an existing fact or state of facts or another statement made by him. (People v Laws, 59 AD2d 67.) There is absolutely nothing irreconcilable between the defendant’s statement that he was on East Ray-nor Avenue and South State Street all day long from 2:00 p.m. and the statements of two witnesses that they were with him in a car on Fayette Street in front of a funeral home when a shooting occurred about 7:00 or 7:30 p.m. Moreover, he did not state in the alleged sworn statement that he knew nothing about the shooting incident. What he did say was: 'T informed the police I knew nothing of the shooting incident.” The signed statement alluded to what he told the police, not what he knew of the shooting incident. Nowhere in the statement *437 does he deny knowledge of the incident or that he was present when it occurred.
Subdivision (b) of section 210.10 of the Penal Law mandates that the crime of perjury, second degree, emanate from the use of a written instrument for which an oath is required, and the defendant cannot be charged or convicted until this element is established. (People v Frisbie, 68 Misc 2d 814, 817, supra.) A conviction under sections 210.35 and 210.45 of the Penal Law could be obtained where an oath was lawfully administered although it was not required by law. But when we turn to sections 210.10 and 210.40 we find that the method of indictment and of proof which it authorizes may be employed only where the contradictory testimony or statements were made "on occasions in which the oath is required by law”.
The defendant claims that the indictment is defective because he gave what can purportively be called a witness’ statement which is not required to be given under oath. It is suggested by the People that this statement is comparable to an affidavit utilized to establish probable cause for a search or arrest warrant. To say that it was the legislative intent that any written statement requires an oath where it can be shown that it is similar to one that requires an oath is stretching the application of section 210.10 beyond the breaking point. "While on the one hand we must not be overly technical in interpreting penal provisions, on the other hand 'Penal responsibility * * * cannot be extended beyond the fair scope of the statutory mandate’. (People v Wood, 8 NY2d 48, 51 * * *)”. (People v Sansanese, 17 NY2d 302, 306; People v Gottlieb, 36 NY2d 629, 632.)
The court in People v Bromley (85 Misc 2d 988, 990), in dismissing two counts of the indictment as defective as a matter of law on the ground that section 210.45 of the Penal Law is not applicable to confessions held: "Moreover, it appears that a confession is not a written instrument within the meaning of Section 210.45 of the Penal Law.” Nor does it appear that a witness’ statement, whether or not subscribed under oath, comes within the ambit of sections 210.10 or 210.40. In People v Lillis (3 AD2d 44, 47), the court, in ruling on a statement given to an investigator for the State Liquor Authority held: "The execution and form of such statements are not regulated by law, nor is the legal effect thereof altered by the presence or absence of an oath. In a court of law such a *438 statement would be hearsay and inadmissible in evidence whether it was given under oath or not. And since the statement was subscribed, it could have been used to impeach the witness even if it had not been made under oath (Civ. Prac. Act, § 343-a). Therefore, the oath added nothing to the legal effect of the statement. The law would accord it the same limited recognition whether it was verified or not. * * * no provision of the Alcoholic Beverage Control Law, or of the rules promulgated by the Authority, regulates the manner of taking such a statement as defendant gave to the investigator”.
The same is true with respect to the taking of a statement from a witness in a criminal case. Neither the Penal Law nor the Criminal Procedure Law holds that the statement has to be given under oath. A deposition attached to an accusatory instrument forming the basis for an arrest warrant (CPL 100.20), yes; the application for a search warrant (CPL 690.35, subd 1), yes; the statement of a witness, no.
The defendant’s motion to suppress the statement grounded on the Miranda holding is misplaced. The exclusionary protection in a proper case is against statements which would directly or indirectly inculpate the defendant. Since the statement given by the defendant does not in any way involve him in a crime, he is in need of no such protection.
Since the motion to dismiss the indictment as defective because of legal insufficiency is granted, the other branch of the defendant’s motion is rendered moot.
Pursuant to the provisions of CPL 210.20 (subd 1, par [b]) and upon the motion of the defendant and in accordance with the decision rendered herein, the indictment is hereby dismissed with leave to re-present if the People so desire.