OPINION OF THE COURT
Arnold P. Etelson, J.
Defendant is charged with the misdemeanor of making a punishable false written statement in violation of section 210.45 of the Penal Law. Defendant is alleged to have filed with the Town of Ramapo Department of Solid Waste a false statement concerning the origin of certain garbage being dumped at the town’s landfill. The People proved beyond a reasonable doubt at this nonjury trial that the defendant truck driver knew the source of a portion of his load to be other than where he stated such to be on the “source of load” sheet that he signed.
The issue presented is whether the “source of load” sheet in the form signed and submitted to the town agency constitutes a written instrument within the scope of section 210.45. The sheet is signed below the statement “The undersigned affirms that the statements contained herein stating the source of the load are true under the penalties of perjury pursuant to Section 210.45 of the Penal Law”. Beneath the defendant’s signature appeared the following words which are the exact words of the statute:
*617 “Section 210.45 Making a punishable false written statement A person is guilty of making a punishable false [written] statement when he knowingly makes a false statement, which he does not believe to be true, in a written instrument bearing a legally authorised form notice to the effect that false statements made therein are punishable.
“Making a punishable false written statement is a class A misdemeanor.”
Each of the above statements appear on a printed form prepared by the town agency and entitled “source of load”.
Defendant, relying on People v Bromley (85 Misc 2d 988), moved to dismiss the information. The Bromley decision, being the only reported decision that this court has uncovered to date specifically dealing with section 210.45, researched its historical background for the reason that the Penal Law does not define “a legally authorized form notice”. The decision states (p 989) that the Governor’s message regarding chapter 645 of the Laws of 1964 stated that the bill “ ‘would simplify the procedures for filing documents with various State agencies by eliminating unnecessary requirements of notarization’ ”. Bromley goes on to say that the predecessor statute, section 1620 of the Penal Law of 1909, was enacted together with 26 separate statutes and for that reason section 210.45 applies only to “situations where a specific statute authorizes the use of an affirmation in place of a notarized form”. (People v Bromley, 85 Misc 2d, at p 990, supra.) An obvious example is CPL 100.30 (subd 1, par [d]) which permits this “[florm notice” to be used to verify an accusatory instrument. Bromley dealt with a written confession taken of the defendant and concluded that neither the Penal Law nor the CPL authorized an affirmation or form notice with respect to confessions. People v Polk (100 Misc 2d 435), citing Bromley, also dealt with an alleged written confession wherein the defendant was charged with violating section 210.10 of the Penal Law, peijury in the second degree. That section mandates, among other elements, that the written statement be one in which “an oath is required by law”. Section 210.45 speaks of no such oath requirement and therefore Polk is clearly dicta as to the current charge.
*618 This court concludes that Bromley, likewise, is distinguishable from the case at bar and that it in fact supports the decision made herein today. “The legislative history of section 210.45 of the Penal Law as previously noted, clearly establishes that it was only intended to apply to applications or other documents, submitted to governmental agencies which would otherwise require oaths before notaries.” (People v Bromley, 85 Misc 2d 988, 990, supra.) A written confession is clearly not such an instrument.
This court, therefore, decides that a specific statute need not be the authority for the use of the form notice. Since the stated legislative purpose is to avoid the cumbersome practice of filing notarized documents with State agencies, it does not appear that the form notice was expressly permitted for use in only designated agencies. The practice commentary in McKinney’s following the subject section states “It is designed to provide the various government agencies with a convenient method, in connection with applications and other documents submitted to them, of demanding the truth upon pain of criminal sanctions without resort to the cumbersome procedure of requiring oaths before notaries”. (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, §210.45, p 496.)
This is not to say that making of a “legally authorized” form notice is not an element of the charge. Legal authority may be found in subdivision 6 of section 130 of the Town Law authorizing the town board to prohibit and regulate “the use of any lands within the town as a dump or dumping ground”. Furthermore, such regulation is within the police power of the town, pursuant to subdivision 15 of the same section. (See, also, Wiggins v Town of Somers, 4 NY2d 215; Matter of Case v Knauf, 32 Misc 2d 137; and Town of Plattekill v Dutchess Sanitation, 56 AD2d 150.)
Defendant’s motion to dismiss the information for insufficiency is therefore denied. Defendant is hereby found guilty of the charge and is directed to appear for sentencing on Monday, April 13, 1981 at 1:00 p.m.