Per Curiam.

Defendant Daniel Sansanese was indicted for violations of (1) .section 392 of the Vehicle and Traffic Law (knowingly making a false statement in an application for an operator’s license, a misdemeanor); (2) section 932 of the Penal Law (obtaining property by false pretenses, a felony); (3) section 2051 of the Penal Law (offering false or forged instruments to be filed, a felony), and (4) section 887 of the Penal Law (two counts of forgery, second degree, a felony). These charges arose from defendant’s conduct whereby he had filed with the Department of Motor Vehicles a fraudulent application for an operator’s license under the name of his deceased father, Donato Zonzonese, because his criminal record and prior license revocations for false statements in applications made it highly unlikely that a license would be granted him in his own name.
There was clearly sufficient evidence for the Grand Jury to indict defendant for violation of the provisions of the Vehicle and Traffic Law, and this indictment is not questioned on this appeal. As to the four felony indictments, the trial court dis *305 missed them in toto on the ground that the evidence submitted to the Grand Jury was insuEcient to sustain them as a matter of law. The Appellate Division reversed and reinstated all four, despite the concession by the People that the two indictments for forgery had been properly dismissed. We agree with the Appellate Division that, simply because the Vehicle and TraEc Law specifically deals with the type of conduct presented herein, this does not mean that its application is exclusive as to all other statutes penal in nature. There is no reason, constitutional or otherwise, precluding prosecution under a more general penal provision, so long as it is applicable to the situation and contains no legislative limitation. (See People v. Bord, 243 N. Y. 595 [1926]; People v. Hines, 284 N. Y. 93, 105 [1940]; People v. Coppo, 16 Misc 2d 879 [County Ct., 1959], affd. 11 A D 2d 722 [2d Dept., 1960].)
The evidence presented to the Grand Jury is insuEcient as a matter of law, however, to warrant the reinstatement of the four felony indictments. The People have wisely conceded that the two indictments for forgery were properly dismissed by the trial court. The case of International Union Bank v. National Sur. Co. (245 N. Y. 368 [1927]), relied upon by the Appellate Division in reversing the dismissal of these indictments, is inapplicable both on the law and the facts to the present situation. Therein an individual fraudulently obtained credit from several banks by having accounts under fictitious names. These acts fell within the proscription of section 887 (subd. 2, 5th par.) of the Penal Law. On the other hand, the conduct of defendant Sansanese in filing an application with the Department of Motor Vehicles under a fictitious name does not specifically fall within the definition and coverage of our forgery statutes (Penal Law, §§ 880, 887), and generally is not the type of activity intended to be punishable under our traditional concepts of forgery.
Similarly, the evidence presented to the Grand Jury is not suficient to sustain the indictment charging defendant with obtaining property by false pretenses in violation of section 932 of the Penal Law. Notwithstanding the fact that he did, with intent to cheat, obtain by a false application the signature of a person to a writing, he did not obtain “ property ” by false pretenses. The People concede that there is no property right *306 connected with the driving of an automobile, and in our opinion the writing itself (in this case, the operator’s license) is not the “property” contemplated under the statute. Thus there is no property obtained by false pretenses which can be pointed to in order to justify the Appellate Division’s reinstatement of the indictment.
While defendant’s indictment for violation of section 2051 of the Penal Law presents a more difficult question for our determination, we conclude that here too there is insufficient evidence to sustain the indictment as a matter of law. From a reading of the statute we see that the language used is very general: “ A person who knowingly procures or offers any false or forged instrument to be filed, registered or recorded in any public office within this state, which instrument, if genuine, might be filed or registered or recorded under any law of this state or of the United States, is guilty of a felony.” The all-encompassing nature of this provision must be read, however, in the light of the extremely narrow construction which the term “ instrument ” has been otherwise given. An instrument has been defined as a “ formal or legal document in writing, such as a contract, deed, will, bond, or lease ” (Black’s Law Dictionary [4th ed., 1951, p. 941]), and as a “ legal document (as a deed, will * * *) evidencing legal rights or duties, esp. of one party to another ” (Webster, Third New Int. Dictionary [1961], p. 1172). While on the one hand we must not be overly technical in interpreting penal provisions, on the other hand “Penal responsibility * * * cannot be extended beyond the fair scope of the statutory mandate ”. (People v. Wood, 8 N Y 2d 48, 51 [1960]; Penal Law, § 21.)
In accordance with the above definitions and legal precepts of construction, we conclude that a writing such as an application for an operator’s license is not an “instrument” as the term is used in section 2051.
Accordingly, the order of the Appellate Division reinstating the four felony indictments should be reversed in all respects, and indictments Nos. 29670-B, -O, -D, and -E should be dismissed.
Chief Judge Desmond and Judges Fuld, Van Voorhis, Burke, Scileppi, Bergan and Keating concur.
Order reversed, etc.