Vito J. Titone, J.
In this criminal action, defendant moves for an order setting aside the verdict of this court, rendered February 14, 1975, finding him guilty, inter alia, after a nonjury trial, of the crime of criminal possession of a forged *255 instrument in the second degree (Penal Law, § 170.25). The instrument in question was a purported New York State operator’s license.
The principal argument raised by defense counsel is that assuming the District Attorney had proved that the subject license was forged, the court should have found his client guilty, not of the general crime of possession of a forged instrument as a felony (Penal Law, § 170.25), which it did, but rather guilty of the specific violation of possession of a forged, fictitious or illegally obtained license, under subdivision 6 of section 509 of the Vehicle and Traffic Law, which is a traffic infraction.
The court acknowledges that initially it tended to agree with the defense counsel’s position on the theory that a specific statute takes precedence over a general statute dealing with the same subject matter (Lo Bello v McLaughlin, 39 AD2d 404, app dismd 31 NY2d 782, affd 33 NY2d 755).
However, after further research, the court concludes that the verdict herein finding defendant guilty under the general penal statute relating to possession of a forged instrument should not be set aside, even though defendant could have been found guilty of the specific traffic infraction or violation dealing with possession of a forged operator’s license, under the Vehicle and Traffic Law. Simply because the Vehicle and Traffic Law specifically deals with a type of conduct does not mean that its application is exclusive as to all other statutes penal in nature (People v Sansanese, 17 NY2d 302, 305). There is no reason, constitutional or otherwise precluding prosecution under a more general penal provision, so long as it is applicable to the situation and contains no legislative limitation (People v Sansanese, supra, p 305; People v Bord, 243 NY 595; People v Hines, 284 NY 93, 105; People v Coppo, 16 Misc 2d 879, affd 11 AD2d 722). The State may proceed under the general penal statute even though a more specific statute is available (People v Hines, supra, p 105).
The court notes that in People v Sansanese (supra) the Court of Appeals reversed and dismissed an indictment charging a defendant with offering a false or forged instrument to be filed as a felony, pursuant to section 2051 of the former Penal Law. The instrument in question was a forged application for an operator’s license. It was the State’s highest court’s opinion that such writing was not an "instrument” as the term was used in the statute (former Penal Law, § 2051), since *256 that term has been defined in Black’s Law Dictionary as a "formal or legal document in writing, such as a contract, deed, will, bond or lease”.
However, under the new Penal Law which is applicable to this case, the term "Written instrument” under article 170 pertaining to forgery and related offenses, is defined as follows: "§ 170.00. Forgery; definition of terms. 1. 'Written instrument’ means any instrument or article containing written or printed matter or the equivalent thereof, used for the purpose of reciting, embodying, conveying or recording information, or constituting a symbol or evidence of value, right, privilege or identification, which is capable of being used to the advantage or disadvantage or some person.”
The court believes that the bogus operator’s license produced by defendant at the time he was arrested is clearly within the ambit of the afore-quoted language.
The court is of the further opinion that the remaining two points raised by defense counsel are clearly without merit. Despite the fact that the People’s expert witness failed to testify before the Grand Jury, the court believes that the testimony of the two arresting officers on this issue, based on their experience in recognizing bogus operators’ licenses, was sufficient to warrant the return of the criminal possession count. The duty of the District Attorney before a Grand Jury is to present enough evidence to support an indictment, not to supply all evidence at his disposal for consideration by that body (People v Mitchell, 40 AD2d 117).
Contrary to defense attorney’s remaining contention herein, the court also believes that the quantum of evidence adduced at the trial proved, beyond a reasonable doubt, that defendant was guilty of possessing a forged written instrument, to wit, a forged operator’s license.