Gabrielli, J.
By a divided court, the Appellate Division has affirmed defendants’ convictions of the crime of offering a false instrument for filing, in the first degree, in violation of section 175.35 of the Penal Law. The writing or instrument involved is an "Application For Certificate of Occupancy” which was submitted to the Building Department of the City of Yonkers in connection with an apartment complex.
In the context in which this case reaches us and for the purposes of this appeal, we may assume that the application contained false information and, thus, we then approach the basic and sole issue, viz. whether the application for a certificate of occupancy is a "written instrument” within the meaning of section 175.35 of the Penal Law which provides that: "A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to *631 defraud the state or any political subdivision thereof, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant”.
Addressing ourselves to the legislative intent in enacting this statute, we first examine the predecessor statute, section 2051 of the Penal Law, enacted in 1909 which provided that: "A person who knowingly procures or offers any false or forged instrument to be filed, registered or recorded in any public office within this state, which instrument, if genuine, might be filed or registered or recorded under any law of this state or of the United States, is guilty of a felony”. It will be readily observed that this predecessor statute was broader in scope than the Penal Law provision now under scrutiny. While similarly intended in most respects, the new statute is more limited, however, in its applicability to "false instruments” and not to "forged instruments” as provided in the Penal Law provision (§ 2051) it replaced.[1]
Obviously, if the writing in the case before us is not an "instrument” within the contemplation of section 175.35 of the revised Penal Law, the conviction may not be sustained. In reaching the conclusion that the writing here involved is not an "instrument” within the intendment of this section, we are further persuaded by the rationale and holding of this court in People v Sansanese (17 NY2d 302) wherein the critical issue presented was the definition of that term as used and intended under the broader provisions of the predecessor statute (Penal Law, § 2051). In holding that the filing of a false application for an operator’s license with the State Department of Motor Vehicles could not be deemed a violation of that section, as a matter of law, since the application was not an instrument as used therein, this court stated that although the nature of the statute was all-encompassing, it "must be read * * * in the light of the extremely narrow construction which the term 'instrument’ has been otherwise given. An instrument has been defined as a 'formal or legal document in writing, such as a contract, deed, will, bond, or lease’ (Black’s Law Dictionary [4th ed, 1951, p 941]), and as a *632 'legal document (as a deed, will* * *) evidencing legal rights or duties, esp. of one party to another’ (Webster, Third New Int. Dictionary [1961], p 1172). While on the One hand we must not be overly technical in interpreting penal provisions, on the other hand 'Penal responsibility * * * cannot be extended beyond the fair scope of the statutory mandate’. (People v Wood, 8 NY2d 48, 51 [1960]; Penal Law, § 21.)” (17 NY2d, at p 306.)
The exclusion there adopted applies with equal or even greater force to the writing in the present case and the statutory proscription now before us.
The argument is advanced, and without merit we think, that the definition of "written instrument” found in the article relating to forged instruments (Penal Law, art 170)[2] should be applied in the present case. However, for the purposes of that article alone (art 170) the Legislature defined the term broadly in order to work a change from prior case law which had narrowed the breadth of the crime of forgery. In limiting terms, the Practice Commentary following section 170.00 states that "[i]n essence * * * the conduct which, when performed with the requisite criminal intent, constitutes forgery” (McKinney’s Cons. Laws of NY, Book 39, Penal Law, p 538 [1967 ed]); and the Commission Staff Notes to that section explain that "[t]he term 'written instrument’ (the subject of forgery) is broadly defined. It covers every kind of document and other item deemed susceptible of deceitful use in a 'forgery’ sense” (parenthesis in original) (Gilbert, CPL, art 175, § 175:00 [1974]). Moreover, were the proffered construction adopted, it is conceivable that otherwise harmless misstatements in papers to be filed might form the predicate for felony prosecutions. The problem before us is not, of course, whether the public filing of any false writing should be denominated a crime, for that is a matter within the province of the Legislature. The sole concern before us, rather, is the determination of the legislative intent of and the definitional interpretation to be given the questioned statute. Certainly, had the Legislature desired or intended the new and expansive definition *633 found in article 170 to be applied to article 175, it could have expressly so provided.
The order of the Appellate Division should be reversed and the indictment dismissed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg, and Cooke concur.
Order reversed, etc

. Indeed, the Practice Commentary referring to section 175.35 of the Penal Law states that this section carries over into the revised Penal Law only a part of the former provision which covered the giving or offering of a false or forged instrument. (McKinney’s Cons. Laws of NY, Book 39, Penal Law, p 575 [1967 ed].)

. Subdivision 1 of section 170.00 of the Penal Law reads: " 'Written instrument’ means any instrument or article containing written or printed matter or the equivalent thereof, used for the purpose of reciting, embodying, conveying or recording information, or constituting a symbol or evidence of value, right, privilege or identifiaction, which is capable of being used to the advantage or disadvantage of some person”.