Richard C. Delin, J.
The defendant stands accused by this indictment of a violation of subdivision 3 of section 170.10 of the Penal Law (forgery in the second degree, a class D felony). Upon his motion, the court has inspected the Grand Jury minutes, which disclose the following:
On an undisclosed date, Mr. and Mrs. Rizzo purchased a 1970 Triumph, vehicle identification number FDU91002L, from Ronald Falcaro and William Ritter. On December 4 or 5 of an undisclosed year, the vehicle was brought to the Rizzo home and subsequently placed in the garage thereof. On December 6, 1974, both sellers appeared at the Rizzo home and, with the consent of Mrs. Rizzo, went to the garage and placed an inspection sticker on the car, which had not been registered by the new owners. The defendant is the proprietor of a gasoline station and is licensed to issue inspection stickers. On an MV 1074 form, which was found on his premises, appears the following notations: Date: December 6, 1974; Odometer Reading, 31238; Year of Manufacture, 70; Make of Vehicle, Tri.; Type of Vehicle, Pass.; N.Y.S. Plate Number, 882324 * * * ; Vehicle Identification Number, FDU91002L. Trooper James Docherty of the State Police obtained a statement from the defendant that the writing on the form was his and that he did not recall inspecting the vehicle. There is no proof that this form, or a copy thereof, was filed with the appropriate State agency. The number of the inspection sticker placed on the Rizzo car was not disclosed, nor were the dates of the defendant’s statement and the seizure of the MV 1074 form.
The defendant cannot be held for trial, and the instant indictment must be dismissed, unless the proof before the Grand Jury establishes each of the following elements: (1) that with intent to defraud, deceive or injure (2) a person other than himself (3) he falsely made, completed or altered (4) a written instrument (5) which is or purports to be, or which is calculated to become or to represent if completed, a written instrument officially issued or created by a public office, public servant or government instrumentality.
There is no proof that the defendant did not properly inspect this vehicle prior to December 6. His words, "I do not recall”, prove nothing and do not strip away the presumption of innocence. The court is not aware of any law which requires the inspection and the issuing of the sticker to occur on the same date. Only surmise, speculation and conjecture can be the basis of the statutory intent. The inspection sticker was *546 issued to a license plate that could not be used by the Rizzos. The rights of the buyers and sellers had been fixed by contract prior to the issuance of the sticker and were not changed thereby. It is common knowledge that the buyers of a used car, whether or not the previous owner had it inspected, will, upon registration, receive a 10-day inspection sticker from the Motor Vehicle Bureau, after which they must have the car reinspected. A reading of section 170.00 (subds 4, 5, 6) of the Penal Law, makes it clear that the element of "falsely makes, completes or alters” is not proved. The document which is the basis of this indictment could not be considered an official instrument because the proof is clear that the defendant kept it with, and as a part of, his business memoranda. Nor may the defendant, by virtue of being licensed to inspect vehicles, be considered a public officer or servant or government instrumentality. Finally, an MV 1074 form may not be a "written instrument” within the meaning of articles 170 and 175 of the Penal Law. As the court in People v Sansanese (17 NY2d 302), noted, a written instrument contemplated by the forgery statutes is a formal or legal document, such as a contract, deed, will or lease which evidences legal rights or duties.
In short, the minutes of this Grand Jury proceeding demonstrate that not a scintilla of evidence sustained any one of the many elements of the crime charged.
Accordingly, the instant indictment is ordered dismissed.