Gabrielli, J. (concurring).
I, too, vote to affirm the order of the Appellate Division which sustained appellants’ convictions for offering a false instrument for filing in the first degree (Penal Law, § 175.35).
In People v Sansanese (17 NY2d 302), a case decided under the predecessor statute of section 175.35 (former Penal Law, § 2051), we pointed out that while the language used in the statute was very general, due to (p 306) "[t]he all-encompassing nature of [the statute, it] must be read * * * in the light of the extremely narrow construction which the term 'instrument’ has been otherwise given”. We then set forth the restrictive definition of the term "instrument”, viz. (p 306) "An instrument has been defined as a 'formal or legal document in writing, such as a contract, deed, will, bond, or lease’ (Black’s Law Dictionary [4th ed., 1951, p. 941]), and as a 'legal document (as a deed, will * * * ) evidencing legal rights or duties, esp. of one party to another’ (Webster, Third New Int. Dictionary [1961], p. 1172).” Noting that (p 306) "While on the one hand we must not be overly technical in interpreting penal provisions, on the other hand 'Penal responsibility * * * cannot be extended beyond the fair scope of the statutory mandate’. (People v. Wood, 8 N Y 2d 48, 51 [1960]; Penal Law, § 21)”, we held that an application for a driver’s license was not a written instrument.
In People v Gottlieb (36 NY2d 629), we observed that section 175.35 was (p 631) "similarly intended in most respects” to its predecessor and, if anything, was more limited in scope. We explicitly ré-embraced the restricted definition of written instruments developed in Sansanese and held that an application for a certificate of occupancy was not a written instrument within the meaning of section 175.35. The definition articulated in those cases is simple, straightforward and definite; and it should be applied in this case, as indeed it is, and in other cases arising under section 175.35; and I find no reason to now depart therefrom. As both Sansanese and Gottlieb make clear, an "instrument” for the purpose of section 175.35 is a formal or legal document that evidences legal rights and duties of one party to another.
*57 Applying that definition here, it is clear that the payment voucher is an "instrument”. A voucher possesses the characteristics of a formal legal document in that it is to be subscribed by the contractor who must certify that all the statements contained therein are true and accurate; and, importantly, a voucher evidences the legal rights and duties of parties in that the contractor is required to document and certify that he has completed certain prescribed work and is now entitled to be paid by the State which must rely upon the verity of the instrument in acting upon and discharging its responsibility and obligation. As such, it may be contrasted with an application for a certificate of occupancy or a driver’s license which merely present a citizen’s request that the State take a specified action favorable to the applicant, a request which is not founded on duty nor granted as of right. Hence, I would- reaffirm the clear and unequivocal tests and determinations spelled out in Gottlieb and Sansanese, and hold that appellants offered a false written instrument for filing.
Chief Judge Breitel and Judges Jones, Wachtler, Fuchs-berg and Cooke concur with Judge Jasen; Judge Gabrielli concurs in result in a separate concurring opinion in which Chief Judge Breitel and Judges Jones, Wachtler, Fuchs-berg and Cooke also concur.
Order affirmed.