Eugene W. Bergin, J.
The defendant, Albert S. Christiano, Jr., has been indicted by the Monroe County Grand Jury in a six-count indictment charging the crimes of grand larceny, second degree, attempted grand larceny, second degree and offering a false instrument for filing, first degree. The defendant is the operator of the Lakeshore Nursing Home in the County of Monroe. The indictment alleges the larceny and attempted larceny of funds from the State of New York and Monroe County at various dates from March, 1970 to January, 1974. The larceny is alleged to have been committed by the defendant in that he filed with the Department of Health of the State of New York, Health Department forms which contained false claims of costs and expenses for the Lakeshore Nursing Home. In reliance on these false claims the indictment alleges that the State of New York and the County of Monroe paid the Lakeshore Nursing Home sums of money to which the nursing home was not entitled.
*963 The defendant now moves to dismiss counts one and two of the indictment in that the Department of Health form HE-2P is not a written instrument within the meaning of section 175.35 of the Penal Law. The first two counts of the indictment charge the class E felony of offering a false instrument for filing, in the first degree.
The first count of the indictment charges the defendant with "knowing that a written instrument, to wit, a New York State Department of Health Form HE-2P for the Lakeshore Nursing Home for the calendar year 1970, contained false information and false statements, and with intent to defraud the State of New York, the County of Monroe, and certain other political subdivisions of the State of New York, did offer and present to a public officer and public servant, to wit, the New York State Department of Health said HE-2P Form, with knowledge and belief that such forms would be filed with, registered, relied upon and recorded in and otherwise become a part of the records of the New York State Department of Health.”
The second count of the indictment contains the same language as the first count and alleges the violation for the calendar year 1971.
Pursuant to article 28 of the Public Health Law all nursing homes and health related facilities in the State of New York are required to submit annual reports to the State Department of Health. The HE-2P form referred to in the indictment is entitled "Annual Report of Long-Term Care Facility”. In typical bureaucratic tradition the form consists of 28 pages and comes complete with accompanying 22 pages of instructions. The form is in essence an annual financial and statistical report prepared by the nursing home to reflect its financial condition and patient transactions during a specified calendar year. The report is required to be submitted to the Division of Health Economies of the State Department of Health.
The expenses for patient care rendered by nursing homes to elderly patients are reimbursable to the nursing home under the Health Insurance for the Aged Act. The Federal Government under the Medicare program has determined administrative rules and regulations that are applied to the State, and the State has established procedure that all health care facilities in the State must comply with.
The nursing homes are reimbursed for the health care that is provided to patients at a reimbursement rate computed on *964 the basis of fiscal and statistical data submitted by the nursing homes to the State Department of Health. (10 NYCRR 86.12.)
It is the contention of the office of the Special Prosecutor that the information contained in the HE-2P forms furnished the basis of computation by the State to determine the amount of reimbursement that the nursing home would receive. It is the prosecutor’s contention that the submission of false information by a nursing home is precisely the type of fraud that section 175.35 of the Penal Law seeks to prevent.
Section 175.35 of the Penal Law provides as follows: "A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision thereof, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant.”
A review of the case law brings our attention to People v Sansanese (17 NY2d 302), which was decided under section 2051 of the former Penal Law, which held that an application for a driver’s license was not a written instrument; and People v Gottlieb (36 NY2d 629) which held that an application for a certificate of occupancy submitted to a city building department was not a written instrument.
In People v Bel Air Equip. Corp. (39 NY2d 48) it was held that standard State vouchers submitted to the State by a businessman for reimbursement to him of expenses necessitated by the relocation of his iron works business due to State highway construction, were instruments within the meaning of section 175.35 of the Penal Law.
It would seem in distinguishing these cases that a document would constitute a written instrument under section 175.35 of the Penal Law if it would create an economic benefit to the person filing the written instrument.
The court in People v Bel Air Equip. Corp. (supra) stated that the vouchers were written instruments because they represented obligations allegedly owing to the claimant. In the instant case the HE-2P forms after they are processed by the State will represent an economic benefit to the nursing home operator reflected in his reimbursement rate and thus in effect would be an obligation owing to the claimant. The HE-2P *965 form is one step removed from an actual State voucher but the economic benefit is nevertheless equally as real. It is obvious to this court that an HE-2P form "is of a character that the mischief the statute seeks to prevent would ensue if the document were filed.” (People v Bel Air Equip Corp., supra, p 55.)
This court holds that an HE-2P form which is certified by the submitting party, is in fact a written instrument within the meaning of section 175.35 of the Penal Law. Accordingly, the motion of the defendant to dismiss counts one and two is denied.