Raymond E. Aldrich, Jr., J.
The defendant Wayne R. Orchard has been indicted for the crime of offering a false *1012 instrument for filing in the first degree, a class E felony, in violation of section 175.35 of the Penal Law.
The indictment alleges in substance that the defendant on December 27, 1976, knowing that a written instrument, to wit: a claim filed in City Court, Poughkeepsie, Small Claims Part, subscribed by him, seeking recovery of a $250 loan, contained a false statement and false information, and, with intent to defraud the State and the City Court of the City of Poughkeepsie, Small Claims Part, a political subdivision thereof, offered and presented it to the Clerk of the City Court, Small Claims Part, a public office and a public servant, with knowledge and belief it would be filed with, registered and recorded in and otherwise become a part of the records of such public office and public servant.
The defendant now moves, inter alla, to have the court inspect the Grand Jury minutes and dismiss the indictment as the evidence fails to show that the State, county or city government was the victim of any fraud as section 175.35 of the Penal Law requires, further contending that if anyone was to be defrauded it was one Clarence Spilbor, the defendant in the civil action brought in the Small Claims Part. He further moves pursuant to CPL 210.20 challenging the sufficiency of any lesser included offense which in this instance is the filing of a false instrument in the second degree (Penal Law, § 175.30) which is the knowing filing of a written instrument containing a false statement with a public office or servant with the knowledge or belief that it will be filed with, registered or recorded or otherwise become part of the records of such public office or public servant. Such crime can readily be distinguished from offering a false instrument for filing in the first degree, as it does not contain the further element of defrauding the State of any economic benefits.
After consideration of the moving papers and the affidavit in opposition, and in the exercise of its discretion, this court granted the motion to inspect the Grand Jury minutes in order to use the same in the further determination of the motion to dismiss based upon the ground that the evidence before the Grand Jury was not legally sufficient to establish the commission by the defendant of the offense charged or any lesser included offense.
Accordingly, the court has examined the minutes of the Grand Jury dated March 15 and March 17, 1977, and the exhibits consisting of the small claims form purporting to be *1013 the written instrument, the minutes of the City Court trial, and taped recordings of conversations, and therefrom does find that the indictment is not predicated upon evidence which is legally sufficient to support the charge contained in the indictment and establish that the defendant committed such offense.
The purported written instrument which is the subject of this criminal proceeding is a summons issued by the Small Claims Part of the City Court of the City of Poughkeepsie advising the named defendant Clarence Spilbor that he must appear and defend in that court an action instituted by Wayne R. Orchard, the defendant herein, to recover the sum of $250 due as a loan. The summons was issued under the signature of a Judge of the City Court and countersigned, although not under oath or verified, by the defendant herein.
The question of whether the summons was one filed with a public officer to defraud the State or any political subdivision thereof is more readily capable of resolution than the issue of whether the summons was a written instrument within the context of sections 175.35 or 175.30 of the Penal Law. The crime of filing a false instrument in the first degree was enacted as a felony crime to thwart the submission to the State and its political subdivisions of fraudulent instruments for the payment of money and to avoid depletion of their assets by such instruments. As stated in People v Bel Air Equip. Corp. (39 NY2d 48, 55), "The statute was designed to protect the State from exactly this sort of chicanery.”
The summons signed by defendant clearly does not fall within the legislative scheme of section 175.35 of the Penal Law. The summons sought no economic benefit from the State or its subdivisions. It was signed by defendant to invoke the judicial process of the City Court with the objective of obtaining a judgment of $250 from an individual defendant in a civil proceeding. While the summons did invoke the performance of governmental functions, i.e., the processing of papers for civil litigation, such is not determinative as the State was not defrauded of any economic benefit by the conduct of defendant. His conduct was not the type of activity intended to be punishable under section 175.35 of the Penal Law.
For the foregoing reasons, the indictment fails to set forth acts of defrauding the State which would constitute the crime of filing a false instrument in the first degree.
The more complex question is whether the summons is a *1014 "written instrument” within the meaning of section 175.35 of the Penal Law, or the lesser included offense under section 175.30 of the Penal Law.
While there is no statutory definition of the term "instrument” within article 175 of the Penal Law (cf. Penal Law, § 170.00) guidance in defining the term can be found in the recent decision of People v Bel Air Equip. Corp. (supra) where the court in eschewing any single definition of that term, stated that whether any one document constitutes an instrument must depend on whether it falls within the literal scope of the statute and whether it is of the character that the mischief which the statute seeks to prevent would result if the document was filed. Prior decisions have suggested that the term "instrument” is to be construed narrowly as a formal or legal document such as a contract, deed, will, note, bond or lease which document evidences legal rights or duties between parties (People v Gottlieb, 36 NY2d 629; People v Sansanese, 17 NY2d 302). While Bel Air avoided limiting the term "instrument” to these classes of documents by holding that a voucher submitted to the State was an "instrument”, the court did not suggest that the rule of narrow construction be departed from.
While a more flexible approach to the definition of an instrument as encompassed by sections 175.35 and 175.30 of the Penal Law is to be taken, the court in Bel Air also stated that the document in question must nevertheless fall within the literal scope of the statute. The document which is the subject of this motion, namely, the summons issued by the Small Claims Part of the City Court of the City of Poughkeepsie does not fall within such scope. No legal rights are created by the summons; instead, it serves only to give the notice mandated by due process considerations. The summons is not negotiable nor does it alone confer on any party any legal rights, nor is it a document, such as a deed or will, that a third party would rely upon. Additionally, the summons confers no legal rights upon the party instituting the action; it merely invites the defendant named therein to join issue and to contest the merits of the claim described in the summons of a proceeding in which the defendant may prevail.
It is also apparent that the conduct described in the indictment was not the mischief sought to be prevented by the provisions of section 175.35 as well as section 175.30 of the Penal Law. Both statutes are concerned with the integrity of *1015 documents which became public records and which would be relied upon by third parties, such as wills, deeds, liens, vouchers. and other documents which in themselves affect property rights and which, when filed, declare in one manner or another the existence of such rights. By contrast, a summons in a civil action has no such character, as it only institutes an action and is not determinative of the outcome of the action, and no one relies upon it as evidence of a valid claim.
The summons of the City Court of the City of Poughkeepsie is not a "written instrument” within the purview of sections 175.35 or 175.30 of the Penal Law, and accordingly, the indictment is dismissed. The other portions of the omnibus motion thus become moot.