■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DE ETTE CRAWFORD, Respondent.—Appeal from an order of the County Court of Tompkins County, entered May 11, 1979, which granted defendant's motion to dismiss Count No. 5 of the indictment which charged defendant with offering a false instrument for filing in the first degree. On January 26, 1977 defendant and her husband applied for public assistance for themselves and defendant's three children by a prior marriage. The application indicated that the rent for defendant's apartment was $200 per month and that $150 was owed towards a security deposit. Attached to the application was a handwritten rent receipt, purportedly signed by defendant's landlord, Gordon Whitaker, for the rent paid in January, 1977. This receipt dated January 1, 1977, stated the following: "Received from DeEtte Crawford, $200 for rent from 1/1/77-2/1/77, all utilities included. Balance of $150 due on deposit. $25 due every two weeks until deposit is paid." Gordon Whitaker testified before the Grand Jury that the receipt was not in his handwriting and did not bear his signature, and that he had not seen the paper before. He further testified that the rent for the apartment was $200 per month, but defendant had paid only $100 for January, since she did not move in until January 16, 1977. He also testified that the information on the purported receipt concerning the amount due for the security deposit was correct. Representatives of the Tompkins County Department of Social Services testified that a rent receipt was required as part of the application and that without it the application would have been incomplete. Defendant was indicted on five counts involving alleged welfare fraud. Only Count No. 5, which charged her with offering a false instrument for filing in the first degree in violation of section 175.35 of the Penal Law, is involved on this appeal. Count No. 5 alleged that the violation of section 175.35 was committed as follows: "On or about January 26, 1977, between the hours of 8:30 and 4:30 at the Tompkins County Department of Social Services in the County of Tompkins and State of New York, the said De Ette Crawford, knowing that her January 26, 1977 welfare application and attached rent receipt contained false information, and intending to defraud a political subdivision of the state, she did offer or present it to such public office, with the knowledge or belief that it would be filed with, registered or recorded in or otherwise become a part of the records of such public office." County Court dismissed Count No. 5 of the indictment on the ground that the rent receipt did not constitute a false instrument within the meaning of section 175.35 of the Penal Law. Section 175.35 of the Penal Law provides as follows: "A person is guilty of offering a false instrument for filing in the

first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision thereof, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant." At the time this rent receipt was delivered to the Department of Social Services, there was no definition of the term "instrument" in article 175 of the Penal Law. (Article 175 of the Penal Law was subsequently amended by chapter 233 of the Laws of 1978 to include a definition.) In *People v Sansanese* (17 NY2d 302), the Court of Appeals considered the term "instrument" under the broader provisions of section 2051 of the Penal Law, the predecessor statute to section 175.35 and said (p 306): "The all-encompassing nature of this provision must be read, however, in the light of the extremely narrow construction which the term 'instrument' has been otherwise given. An instrument has been defined as a 'formal or legal document in writing, such as a contract, deed, will, bond, or lease' (Black's Law Dictionary [4th ed., 1951, p. 941]), and as a 'legal document (as a deed, will * * *) evidencing legal rights or duties, esp. of one party to another' (Webster, Third New Int. Dictionary [1961], p. 1172). While on the one hand we must not be overly technical in interpreting penal provisions, on the other hand 'Penal responsibility * * * cannot be extended beyond the fair scope of the statutory mandate'. *(People v. Wood,* 8 N Y 2d 48, 51, [1960]; Penal Law, § 21.)" In *People v Gottlieb* (36 NY2d 629) the issue presented was the definition of the term instrument as used in section 175.35 of the revised Penal Law. The court, noting that section 175.35 was less broad than section 2051, its predecessor statute, adhered to the definition and holding in *People v Sansanese (supra).* Applying these principles to the rent receipt involved herein, we conclude that the County Court properly dismissed Count No. 5 of the indictment. While this rent receipt may fall within the literal scope of the statute, there is no claim or inference by appellant that defendant could have, by means of this rent receipt, defrauded the County of Tompkins, and/or the State of New York, or that defendant intended to defraud the County of Tompkins, and/or the State of New York. The sole purpose intended by this rent receipt was to establish that the rent for defendant's apartment was $200 per month, and the evidence before the Grand Jury established such amount to be correct. The order appealed from should, therefore, be affirmed. Order affirmed. Sweeney, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.