■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v MICHAEL GOTTHAINER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered April 1, 1980, convicting him of two counts of offering a false instrument for filing in the second degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Suffolk County, for an entry of an order in its discretion pursuant to CPL 160.50. The People concede that although the indictment was filed in 1979, it is legally sufficient only if the Suffolk County resolution in question is a written "instrument" within the meaning of section 175.35 of the Penal Law, as that term was defined before the enactment of subdivision 3 of section 175.00 of the Penal Law, effective June 5, 1978 (L 1978, ch 233, § 1), since the offenses were alleged to have been committed before that date (see *People v Crawford,* 73 AD2d 721, 722). We hold that the resolution is not such an "instrument" in light of the authoritative interpretations of that term in *People v Gottlieb* 36 NY2d 629) and *People v Bel Air Equip. Corp.* (39 NY2d 48). Most significantly, to the extent that there are parties thereto, the resolution does not "[evidence] legal rights and duties of one party to another" (see *People v Bel Air Equip. Corp., supra,* p 56, concurring opn of Gabrielli, J.).[1] Chief among the features which distinguish the resolution from an "instrument" in this regard is that, even if all the factual

---

[1] In *Bel Air,* both Judge Jasen's opinion and Judge Gabrielli's concurring opinion were concurred in by five members of the Court of Appeals.

statements contained in its "whereas" clauses had been true, the county legislature still possessed the legal discretion to decline to effectuate the resolution at the time it was presented to it by voting against its passage. In other words, unlike the standard State voucher found to be "in effect, a non-negotiable draft" and an "instrument" in *People v Bel Air Equip. Corp.* *(supra,* p 55), but like the applications for a certificate of occupancy and for a motor vehicle operator's license found not to be "instruments" in *People v Gottlieb (supra),* and *People v Sansanese* (17 NY2d 302), respectively,[2] the resolution, particularly insofar as defendant is concerned, merely presented "a request which is not founded on duty nor granted as of right" (see *People v Bel Air Equip. Corp., supra,* p 57, concurring opn of Gabrielli, J.). Contrary to the People's contention, the resolution is not an "instrument" merely because governmental officials were obligated by law to act upon it in some manner once it was filed and those officials would be expected to act in reliance upon the accuracy of its contents. If that were the determinative test, an application for a certificate of occupancy and an application for a motor vehicle operator's license would be "instruments" in this context. Moreover, the resolution possesses few of the characteristics of what is ordinarily thought to be an "instrument" since, among other things, it is not subscribed by defendant or anyone else and bears no certification or warranty of the accuracy of its contents (see *People v Bel Air Equip. Corp., supra,* pp 55, 57). In light of our determination of this issue, we need not address defendant's remaining contentions. Damiani, J.P., Gibbons, Margett and O'Connor, JJ., concur.

---

[2] *Sansanese* was decided under the predecessor statute of section 175.35 of the Penal Law, section 2051 of the former Penal Law.