OPINION OF THE COURT
Benjamin Altman, J.
Is a New York State tax return a “written instrument”? Defendant was indicted in a two-count indictment charged in count one with a violation of section 175.35 of the Penal Law, i.e., offering a false instrument for filing in the first degree. The defendant filed his income tax statement allegedly excluding a considerable amount of taxable income. The People contend that a tax form is a written instrument and hence subject to the provisions of section 175.35. Defendant claims that the form is not a written instrument intended by the statute and that this count of the indictment should be dismissed.
Subdivision 1 of section 170.00 defines “Written instrument” as “any instrument or article containing written or printed matter or the equivalent thereof, used for the purpose of reciting, embodying, conveying or recording information, or constituting a symbol or evidence of value, right, privilege or identification, which is capable of being used to the advantage or disadvantage of some person.”
Section 175.35 states:
“A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision thereof, [emphasis added] he offers or presents it to a *354 public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant.
“Offering a false instrument for filing in the first degree is a class E felony.”
The key words in the statute are “written instrument” and “intent to defraud the state”. What was the intent of the Legislature? As seen in subdivision 1 of section 170.00 of the Penal Law and as described in the Practice Commentaries by Arnold D. Hechtman following that section (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 170.00, p 270): “Subdivision 1 [in the Penal Law], defining the instruments which may be subjects of forgery, is in the broadest of terms. This conforms to the common law principle that forgery can be committed with respect to ‘any writing’ which may ‘be the means of defrauding another’ *** The revised provision restores the breadth of the common law crime by encompassing every document or other item susceptible of deceitful use in a forgery sense which is ‘capable of being used to the advantage or disadvantage of some person.’ ”
Defendant contends that a tax return is not one of the “instruments” to be included in the definition in subdivision 1 of section 170.00 and cites People v Gottlieb (44 AD2d 587, revd 36 NY2d 629) to support that contention and his position that the first count of the indictment should be dismissed.
The People on the other hand contend that defendant miscasts People v Gottlieb (supra) and cite People v Bel Air Equip. Corp. (39 NY2d 48) to support its position that a tax return is an “instrument” for purposes of section 175.35 of the Penal Law. People v Bel Air Equip. Corp. (supra, pp 54-55), states the purpose of section 175.35 is
“to guard against the possibility that officers of the State or its political subdivisions would act upon false or fraudulent ‘instruments’ that had been filed with their offices in the belief that such documents were accurate and true. Section 175.35, which creates a felony level offense, re *355 quires proof of an additional element beyond the false filing; the People must establish that the defendant intended to defraud the State.
“When a claim is made that a particular document is not an instrument within the meaning of the statutory prohibition, the character and contents of the document must be closely analyzed. The court must not only ascertain whether the particular document falls within the literal scope of the statute but also whether the document is of a character that the mischief the statute seeks to prevent would ensue if the document were filed. Where both standards are satisfied, the document, of course, is an instrument as that term is utilized in this statute.”
In the case before the court, it is concluded that a tax return is an “instrument”. A tax return establishes duties of a taxpayer to the State and vice versa, to pay additional taxes or receive a refund.
Here, defendant made patently false representations on his tax return, thereby defrauding the State of money due and owing.
The court denies the motion to dismiss count one of the indictment.