*589 OPINION OF THE COURT
Elisa S. Koenderman, J.
The defendant, Carlos Rivera, is charged with one count of criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [2]), and one count of unlawful possession of marihuana (Penal Law § 221.05). The defendant has moved in an omnibus motion for dismissal for facial insufficiency; suppression of physical evidence and statements; preclusion of identification evidence; discovery and a bill of particulars; and preclusion of evidence regarding prior bad acts. The defendant’s motion is decided as follows.
Facial Sufficiency
In order to be facially sufficient, an information must substantially conform to the formal requirements of CPL 100.15. Additionally, the factual portion and any accompanying depositions must provide reasonable cause to believe the defendant committed the offense charged, as well as nonhearsay factual allegations of an evidentiary character which, if true, establish every element of the offense charged and defendant’s commission thereof (CPL 100.15 [3]; 100.40 [1]; see People v Dumas, 68 NY2d 729 [1986]; see also People v Alejandro, 70 NY2d 133 [1987]).
The requirement of nonhearsay allegations has been described as a “much more demanding standard” than a showing of reasonable cause alone (People v Alejandro, 70 NY2d at 138, quoting 1968 Rep of Temp St Commn on Rev of Penal Law and Crim Code, Intro Comments, at xviii); however, it is nevertheless a much lower threshold than the burden of proof beyond a reasonable doubt (People v Henderson, 92 NY2d 677, 680 [1999]; People v Hyde, 302 AD2d 101 [1st Dept 2003]). Thus, “[t]he law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefor be sufficiently alleged” (People v Sylla, 7 Misc 3d 8, 10 [App Term, 2d Dept 2005]). Where the factual allegations contained in an information “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]; see also People v Konieczny, 2 NY3d 569 [2004]; People v Jacoby, 304 NY 33, 38-40 [1952]; People v Knapp, 152 Misc 368, 370 [1934], affd 242 App Div 811 [1934]; People v *590 Allen, 92 NY2d 378, 385 [1998]; People v Miles, 64 NY2d 731, 732-733 [1984]; People v Shea, 68 Misc 2d 271, 272 [1971]; People v Scott, 8 Misc 3d 428 [Crim Ct, NY County 2005]). Ultimately, “the court must consider whether both the alleged facts and the reasonable inferences to be drawn from those facts, viewed in the light most favorable to the People, would, if true, establish every element of the crime charged” (People v Barona, 19 Misc 3d 1122[A], 2008 NY Slip Op 50814[U], *2 [Crim Ct, NY County 2008]).
The instant complaint charges that on April 24, 2008 at approximately 6:50 a.m. police officers recovered one plastic bag containing marihuana, along with a scale and over 50 small zip-lock bags from within a closet inside apartment 507 at 1760 Madison Avenue. At that time, the defendant allegedly stated, in sum and substance, that the closet and the items inside the closet belonged to him.
Defendant argues that the factual allegations in the complaint are facially insufficient to support the charge of criminally using drug paraphernalia because marihuana was the only substance seized in conjunction with the ziplock bags and scale, and possession of material suitable to and intended for use in the packaging of marihuana cannot be considered drug paraphernalia. He asserts that criminally using drug paraphernalia requires the knowing possession of “any other material suitable for the packaging of. . . narcotic drugs or stimulants under circumstances evincing an intent to use . . . the same for the purpose of unlawfully manufacturing, packaging or dispensing . . . any narcotic drug or stimulant” (Penal Law § 220.50 [2]), and that the Penal Law and Public Health Law specifically define marihuana as separate and distinct from narcotic drugs or stimulants. Accordingly, the defendant seeks dismissal of the first count of the complaint for facial insufficiency.
Here the complaint alleges that the defendant claimed ownership of the bag of marihuana, scale and 50 small ziplock bags found in the apartment closet. His knowing possession of these items is therefore established by the factual allegations. The only issue is whether evidentiary facts are alleged which demonstrate that the items were possessed under circumstances that establish every element of the offense charged.
Defendant’s argument that Penal Law § 220.50 (2) is only applicable when the circumstances evince an intent to participate in the illegal distribution of narcotic drugs or stimulants is persuasive. Penal Law § 220.50 (2) clearly states that criminally *591 using drug paraphernalia in the second degree requires knowing possession or sale of gelatine capsules, glassine envelopes, vials, capsules or any other material suitable for the packaging of individual quantities of narcotic drugs or stimulants, under circumstances evincing an intent to use, or under circumstances evincing knowledge that some person intends to use the same for the purpose of manufacturing, packaging or dispensing any narcotic drug or stimulant. It is well settled that criminal laws are to be interpreted according to the fair import of their terms.
“The Legislature has instructed us that in interpreting the Penal Law, the provisions must be read ‘according to the fair import of their terms to promote justice and effect the objects of the law’ (Penal Law § 5.00; People v Ditta, 52 NY2d 657, 660). As with other statutory provisions, those contained in the Penal Law are generally to be construed so as to give effect to their most natural and obvious meaning (see, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 94, 232; People v Sansanese, 17 NY2d 302, 306). This is particularly important where the definition of a crime is at issue, because courts must be scrupulous in insuring that penal responsibility is not ‘extended beyond the fair scope of the statutory mandate’ (People v Wood, 8 NY2d 48, 51; see also, People v Gottlieb, 36 NY2d 629, 632; McKinney’s Statutes § 271 [c])” (People v Hedgeman, 70 NY2d 533, 537 [1987]).
Thus, it is clear that Penal Law § 220.50 (2) only applies to circumstances evincing criminal intent regarding narcotic drugs or stimulants, and not to similar circumstances regarding marihuana.
Furthermore, the intention of the Legislature is made even more clear by the very structure of the Penal Law as a whole, in that article 220 deals with all controlled substances offenses, whereas marihuana offenses are addressed by an entirely separate article, article 221.
“The ‘Marihuana Reform Act of 1977’ excluded marihuana . . . from the definition of the crimes dealing with controlled substances in Penal Law article 220, and created this separate article [221] to define offenses related to the sale and possession of marihuana.
“The purpose of the Act was to reduce the penalties for possession and sale of marihuana [because] . . .
*592 “[i]n the words of the Legislature: . . .
“ ‘arrests, criminal prosecutions and criminal penalties are inappropriate for people who possess small quantities of marihuana for personal use. . . .
“[and] . . . ‘the penalties and procedures provided in this act are more reasonably appropriate to the nature of marihuana’ ” (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 221, at 173 [2000 ed]).
Accordingly, to expand the scope of Penal Law § 220.50 (2) by including marihuana as a narcotic drug or stimulant would not only contravene accepted rules of statutory construction, such a strained interpretation would contradict the clear intent of the Legislature, which sought to insure that persons who engage in marihuana offenses are not subjected to unduly harsh sanctions.
Thus, as in People v Owusu (93 NY2d 398 [1999]), where the Court found that an individual’s body part does not constitute a dangerous instrument as defined in Penal Law § 10.00 (13) for purposes of assault with a dangerous instrument, the court here cannot find that marihuana constitutes a narcotic drug or stimulant, as defined in Penal Law § 220.50 (2). Indeed, Penal Law § 220.50 (2) specifically excludes marihuana from the substances defined as controlled substances, while specifically including (by reference to Public Health Law § 3306 [schedules I, II, III, iy V]) over 100 substances that are controlled substances within the meaning of the statute. Since “words of statutes are the primary indicia of their meaning” (People v Owusu, 93 NY2d at 405; see also McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a]), this court will not alter the clear intent of the specific language chosen by the Legislature. Accordingly, the court finds that the plain meaning and fair import of Penal Law § 220.50 (2) does not include marihuana as a narcotic drug or stimulant.
Therefore, even if it may reasonably be inferred from the fact that a quantity of marihuana was recovered with the ziplock bags and scale that the latter items were intended for use in the manufacture, packaging or dispensing of marihuana, this is insufficient to establish that possession of these items constitutes criminally using drug paraphernalia within the meaning of the statute. Moreover, in the absence of any narcotic drugs or stimulants, the recovery of “over fifty” empty ziplock bags and one scale does not give rise to an inference establishing the *593 requisite mens rea for Penal Law § 220.50 (2) (see People v Way, 147 Misc 2d 821 [Sup Ct, NY County 1990]). To the contrary, ziplock bags and a solitary scale have many legitimate, commonplace domestic uses, and “possession of [such] multiuse items ... is not a crime” (id. at 825), in the absence of other facts and circumstances which may properly give rise to an inference that the defendant intended, or knew that someone else intended, to use these otherwise innocuous items to manufacture, package or distribute narcotic drugs or stimulants.
Based on the foregoing, the court finds that the first count of this complaint is facially insufficient, inasmuch as no facts are alleged to support an inference that defendant possessed the requisite intent in regard to narcotic drugs or stimulants.
In regard to defendant’s remaining motions, the court hereby orders hearings pursuant to Payton v New York (445 US 573 [1980]), Mapp v Ohio (367 US 643 [1961]), Dunaway v New York (442 US 200 [1979]), and People v Huntley (15 NY2d 72 [1965]); and defers any hearings pursuant to People v Molineux (168 NY 264 [1901]) and People v Sandoval (34 NY2d 371 [1974]) to the trial court.