OPINION OF THE COURT
Kenneth H. Lange, J.
This is a motion to inspect the Grand Jury minutes and dismiss the indictment. By decision and order dated October 22, 1987, and entered October 23, 1987, this court reserved decision on this portion of defendant’s omnibus motion pending receipt of the minutes. After an in camera inspection of those minutes, it is the decision of this court that the Grand Jury was properly instructed (see, People v Calbud, Inc., 49 NY2d 389; People v Valles, 62 NY2d 36), and that the evi *642 dence presented, if accepted as true, would be legally sufficient to establish every element of the offenses charged or any lesser included offense thereof (see, People v Warner-Lambert Co., 51 NY2d 295; People v Deitsch, 97 AD2d 327; CPL 210.30 [1]). In making this determination, the court does not find that release of the Grand Jury minutes or certain portions thereof to the parties is necessary to assist the court (see, CPL 210.30 [3]).
Defendant has also moved to dismiss the first count of the indictment, aggravated unlicensed operation of a motor vehicle in the first degree, on the ground that it is defective as a matter of law. This application is also denied.
It is alleged that on Friday, April 24, 1987, at about 8:30 p.m., defendant was operating a motor vehicle while in an intoxicated condition and with a revoked driver’s license, felony charges under Vehicle and Traffic Law § 1192 (3) and § 511 (3).
Defendant had been convicted previously of driving while intoxicated as a misdemeanor in the White Plains City Court on November 3, 1986. At that time her license to drive was revoked, and she participated in the drinking driver program (or DDP) under Vehicle and Traffic Law article 21. During her participation in DDP, she was issued a "conditional license” permitting her to drive to and from her place of employment and for a specified period during the weekend. Her driving on the night of April 24, 1987 was apparently in violation of those conditions.
Defendant successfully completed the DDP on March 4, 1987 and was notified by the Department of Motor Vehicles that she could apply to have a new driver’s license, restoring all her driving privileges. When she was arrested on the pending charges, she had not applied for such a new license.
Defendant contends that when she was issued a conditional license during the DDP, her license was no longer "revoked”. She claims that this violation of the conditional license should be prosecuted as a traffic infraction for operating in violation of a "restricted license” under Vehicle and Traffic Law § 509 (3).
Vehicle and Traffic Law article 21 entitled, "Alcohol And Drug Rehabilitation Program” (§§ 520 — 523-b), does not specify whether a violation of a conditional license should be prosecuted as a traffic infraction under Vehicle and Traffic Law § 509 (operation in violation of restricted license), or *643 under Vehicle and Traffic Law § 511 (operation while license revoked). Violations of section 511 can be a traffic infraction, a misdemeanor or, as alleged in this case, a felony.
The legislative intent of article 21 is apparent, however, upon closer examination of the statute. Participation in DDP is limited to persons convicted of alcohol-related offenses (Vehicle and Traffic Law § 521 [1] [c]). The Commissioner of the Department of Motor Vehicles in his discretion may issue a "conditional driver’s license” to a participant (Vehicle and Traffic Law § 521 [1] [f]). Vehicle and Traffic Law § 521 (1) (f) goes on to state: "Such [conditional] license or privilege shall remain in effect during the term of the * * * revocation of the participant’s license” (emphasis added).
Paragraph (d) of section 521 (1) provides: "upon successful completion of a course in such program * * * a participant may apply to the commissioner * * * for the termination of the * * * revocation order issued as a result of the participant’s conviction which caused his participation in such course. Upon receipt of such application in his discretion * * * the commissioner is authorized to terminate such order or orders and return the participant’s license” (emphasis added).
It was not contemplated by the Legislature that the revocation of a participant’s driver’s license would terminate upon the issuance of a conditional license during DDP. The November 3, 1986 revocation of Ms. Sabin’s license was still in effect when she was arrested on April 24, 1987.
The court has found only one reported case dealing with this question. In 1976, the Yates County Court (Dugan, J.) in People v Tousley (86 Misc 2d 1059) held that the proper charge for a driver operating in violation of the conditions of a DDP conditional license is the traffic violation of operation in violation of a restricted license under Vehicle and Traffic Law § 509 (3). This is the position urged by the defense here.
The learned Yates County Court concluded that there is no "real distinction between the condition or limitation authorized for a conditional license and the restrictions sanctioned under Vehicle and Traffic Law (§ 509, subd 3; § 530, subd [7])” (86 Misc 2d 1059, 1062, supra).
I respectfully disagree with that conclusion. Vehicle and Traffic Law § 509 (3) does not mention a conditional license, but speaks of violations of any "restriction” contained in the license. "Conditional licenses” and "restricted use” licenses *644 are separate and distinct legislative creations under different articles of the Vehicle and Traffic Law. By statute, an applicant for a restricted use license (art 21-A) must successfully complete the drinking driver program before applying, whereas an applicant for a conditional license (art 21) need only be a participant in such a program (Vehicle and Traffic Law § 530 [2]).
On April 24, 1987, defendant was not operating with a restricted use license. Her license was revoked and she had been issued a conditional license. The charge of aggravated unlicensed operation under Vehicle and Traffic Law § 511 was proper. Since the allegations in this case include an existing revocation of her license for a prior driving while intoxicated conviction, and that she was driving under the influence of alcohol on April 24, 1987, an indictment for aggravated unlicensed operation in the first degree (an E felony under § 511 [3]) is correct under the law.
Accordingly, defendant’s motion to dismiss the indictment is, in all respects, denied.