■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY COBB, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered October 23, 1986, convicting him of burglary in the first degree (two counts), robbery in the first degree, robbery in the second degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced by the prosecution establishes that on December 18, 1985, at approximately 6:15 P.M., the defendant knowingly entered the victim's residence with intent to commit a crime therein, and thereupon forcibly stole property from the victim at gunpoint. The evidence further establishes that the defendant intentionally beat the victim with his handgun when she resisted the robbery, causing physical injury.

The defendant does not now contend that the evidence was legally insufficient as to any particular element of the various crimes of which he stands convicted. Rather, the principal argument advanced on appeal is that the victim's identification of him as the perpetrator of these crimes is unreliable, so that his guilt was not proved beyond a reasonable doubt as a matter of fact. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The victim's identification testimony is most convincing, and the jury was fully warranted in concluding that no reasonable doubt existed as to the defendant's guilt.

The defendant's request for a waiver of the mandatory surcharge is premature *(see, People v Bethea,* 133 AD2d 836, *lv denied* 70 NY2d 929; *People v West,* 124 Misc 2d 622). Bracken, J. P., Lawrence, Rubin and Kooper, JJ., concur.