■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH NOSEK, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered September 26, 1985, convicting him of operating a motor vehicle while under the influence of alcohol as a felony and aggravated unlicensed operation of a motor vehicle in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we conclude that the court properly exercised its discretion in denying his motion for a trial order of dismissal. Upon such a motion, the trial court must view the evidence in the light most favorable to the People and all questions as to the quality or weight of the evidence should be deferred *(see, People v Vasquez,* 142 AD2d 698). In the instant case, two Troopers testified that they observed the defendant's automobile weaving between traffic lanes, hit a curb, and almost strike a bridge embankment. When they stopped the defendant, they observed that his eyes were bloodshot, his speech was slurred, he walked with an irregular gait, and he had a strong odor of alcohol on his breath. Six cans of beer were found within the vehicle, one of which was empty and another of which was only partially filled. After the defendant refused to submit to a breathalyzer test, one of the Troopers administered three performance tests to him in an effort to determine whether his coordination had been impaired by the consumption of alcoholic beverages. The defendant was unable to successfully perform any of these tests. The Troopers both testified that based on their experi-

ence and training, they believed the defendant was intoxicated. The testimony of the Troopers provided legally sufficient evidence to establish the elements of the crime of driving while intoxicated as a felony so as to warrant the denial of the defendant's motion for a trial order of dismissal of this count of the indictment (see, People v Stack, 140 AD2d 389; People v Jacquin, 124 AD2d 594, affd 71 NY2d 825).

Similarly, the court properly denied the defendant's motion with respect to the second count of the indictment charging aggravated unlicensed operation of a motor vehicle in the second degree. The defendant contends that the prosecution failed to prove that his driving privileges had already been revoked at the time of his arrest. or that he knew his privileges had been revoked. The People introduced into evidence certain sentencing minutes showing that on two separate occasions the defendant was informed by different Judges that his driving privileges were revoked. Moreover, a witness who had access to the records of the Department of Motor Vehicles testified that the defendant's driving privileges. were in a state of revocation at the time of his arrest. Therefore, the defendant's claim in support of his motion with respect to the second count of the indictment is unfounded.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's claim that he was sentenced to consecutive terms of imprisonment is without merit. Although the sentencing Judge failed to indicate whether the terms of imprisonment were to run concurrently or consecutively, statutory law requires that they run concurrently (see, Penal Law § 70.25 [1] [b]). Additionally, given the defendant's prior criminal history containing several convictions for driving while intoxicated and for driving with a revoked license, we find that it was not an improvident exercise of discretion for the sentencing Judge to impose the maximum sentence permissible (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit (see, People v Smallwood, 140 AD2d 646; People v Cobb, 139 AD2d 661). Kunzeman, J. P., Kooper, Sullivan and Harwood, JJ., concur.