■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GRIBBEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered August 26, 1988, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree and operating a motor vehicle while his ability to do so was impaired by the consumption of alcohol, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of aggravated unlicensed operation of a motor vehicle in the first degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for a new trial on the charge of aggravated unlicensed operation of a motor vehicle in the first degree.

On January 30, 1987, the defendant was arrested for driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). Since he had previously been convicted of the misdemeanor of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) on October 2, 1985, he was charged, *inter alia,* with aggravated unlicensed operation of a motor vehicle in the first degree (a class E felony) under Vehicle and Traffic Law § 511 (3).

The defendant claimed that the incident that led to the arrest arose out of an argument between the defendant and his wife in a bar during the early morning hours of January 30, 1987. His wife, who had been imbibing for several hours, threw a drink at the defendant when he ordered her to leave. She ran outside and drove off in the family automobile, with

the defendant in the passenger seat, heading down Long Beach Road in Nassau County. She crashed into the center divider of the roadway. She then ran away and hitchhiked home. The defendant claimed that he was driving the car when arrested only because he was attempting to follow the automobile that had picked up his wife. The defense introduced into evidence a form dated October 28, 1985, from the Department of Motor Vehicles of the State of New York which the defendant received in connection with his previous conviction of October 2, 1985. This "MV-110" form, entitled "ORDER OF SUSPENSION OR REVOCATION", notified the defendant as follows: "Driving Privileges Revoked as of 10/2/85 for 6 months. Cause: Convicted of Violation of Section 1192-3 of the Vehicle and Traffic Law Driving While Intoxicated on 10/2/85 in City Court, Long Beach".

At the charge conference at the close of the trial, defense counsel requested that the court charge the jury on driving without a license under Vehicle and Traffic Law § 509 (1). As conceded by the People, driving without a license under Vehicle and Traffic Law § 509 (1) is a lesser included offense of aggravated unlicensed operation of a motor vehicle in the first degree under Vehicle and Traffic Law § 511 (3). The defendant contends that when he was driving the vehicle at the time of the instant offense, it was with the belief that his period of revocation had ended and he was driving *without* a license rather than while his license was "suspended or revoked" (Vehicle and Traffic Law § 511 [1]). The trial court refused to so charge. The People's position is that since the arresting officer testified that the defendant admitted that his license had been suspended and Vehicle and Traffic Law § 510 (5) (a) provides that a license may be reinstated only at the direction of the Commissioner of Motor Vehicles, there was no reasonable view of the evidence requiring the trial court to charge the lesser included offense.

A request to charge a lesser included offense must be granted when "there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1]; *see, People v Glover,* 57 NY2d 61, 74; *People v Green,* 56 NY2d 427). Since "the evidence must be viewed in the light most favorable to defendant" *(People v Martin,* 59 NY2d 704, 705), on the facts of this case, the trial court should have charged the lesser included offense requested by the defense. Therefore, there must be a reversal of the conviction

for aggravated unlicensed operation of a motor vehicle in the first degree.

We have reviewed the defendant's remaining contentions, including his argument that his conviction was not supported by legally sufficient evidence, and find them to be without merit (see, *People v Nosek*, 160 AD2d 898). Kunzeman, J. P., Harwood, Balletta and O'Brien, JJ., concur.