OPINION OF THE COURT
Memorandum.
Judgment convicting defendant of aggravated unlicensed operation of a motor vehicle reversed on the law and facts, fine vacated and information dismissed.
Judgments convicting defendant of speeding and of obstruction of governmental administration affirmed.
Defendant’s driver’s license had been revoked and a restricted license was issued to him. He was permitted to drive for business-related purposes. On the night in question, defendant, after finishing a purported "business dinner”, was on his way home when his wife, who was in her ninth month of pregnancy, claimed to experience "pains”. Defendant testified that he was concerned about his wife’s condition, and drove faster in order to get home quicker. He was stopped for speeding. After telling the officer that he did not have his license with him, defendant, at the officer’s request, printed his name and date of birth on a pad and the officer went back to the patrol car to verify the information given to him to determine the status of defendant’s license and to issue the ticket. Prior to the officer being able to verify the information given to him by the defendant, defendant left the scene of the stop, allegedly to take his wife home. The officer testified that after speaking to defendant’s wife he determined that she felt fine and that there was no reason to call for an ambulance. The officer, along with a police ambulance, overtook the defendant and forced him to the side of the road. Defendant was arrested for obstruction of governmental administration and was charged with resisting arrest with three counts of assault and with aggravated unlicensed operation of a motor vehicle. The court dismissed the assault counts after the People’s case and the jury acquitted the defendant of the *861 charge of resisting arrest. Defendant was convicted of speeding, of obstruction of governmental administration and of aggravated unlicensed operation of a motor vehicle.
Where the People can prosecute under two statutes and one of them calls for a greater punishment than the other, the choice of which statute to use is generally left to the People (see, People v Lubow, 29 NY2d 58; see also, People v Marcus, 90 Misc 2d 243; People v Campisi, 82 Misc 2d 254). This court is of the opinion that the general rule set forth above does not apply to the case herein and therefore the People could not prosecute defendant under section 511 (1) (a) of the Vehicle and Traffic Law for aggravated unlicensed operation of a motor vehicle, and had to prosecute defendant under section 509 (3) of said law for operating the vehicle in violation of a "restriction”. Defendant, whose license to drive had been revoked, had been issued a restricted use license, which was valid until revoked by the Commissioner of Motor Vehicles (see, Vehicle and Traffic Law § 530 [3]). It is the opinion of this court that a person holding a restricted use license has a license and may not be charged as if he is operating the motor vehicle with a revoked or suspended license. To uphold the People’s position would conflict with the plain language of section 509 (3) and with section 530 (3) of the Vehicle and Traffic Law and would require a tortured construction of section 511 (1) (a) in order to possibly sustain the conviction (see, People v Tousley, 86 Misc 2d 1059, 1062). We find People v Sabin (139 Misc 2d 641) to be inapplicable to the facts herein.
We are further of the opinion that defendant’s conviction of obstruction of governmental administration, based on the allegation that defendant’s actions in fleeing the scene of the stop for the speeding ticket prevented the officer from issuing the ticket, was supported by the evidence. Defendant’s action in leaving the scene prematurely, occurred prior to the officer being able to verify the information given to him by one not having a driver’s license with him, in violation of section 507 of the Vehicle and Traffic Law. Whether or not defendant’s use of the car at that time was proper, the officer had no way of knowing if the name and date of birth given by the defendant belonged to the defendant, and whether it would be sufficient for a ticket to be issued. For this reason the conviction of obstruction of governmental administration is affirmed.
As for the remaining contentions advanced by the defendant, we find that the giving of an adverse inference charge *862 by the court to the jury, after learning that one of the officers inadvertently lost his memo book, was proper under these circumstances (see, People v Martinez, 71 NY2d 937, 940). We further conclude that defendant’s guilt was established beyond a reasonable doubt on the two convictions being sustained herein (see, People v Bleakley, 69 NY2d 490, 495).
DiPaola, P. J., Collins and Ingrassia, JJ., concur.