OPINION OF THE COURT
Ira B. Warshawsky, J.
The defendant has moved for an order dismissing a traffic information charging defendant with Vehicle and Traffic Law § 511 (2).
On August 15, 1994 by simplified traffic information defendant was charged with violation of Vehicle and Traffic Law § 511 (1); § 319 (1); § 401 (1) (a) and § 403 (1). The violation of Vehicle and Traffic Law § 511 (1) was dismissed and defendant was charged with violation of Vehicle and Traffic Law § 511 (2).
*651 Defendant asserts that the Vehicle and Traffic Law § 511 (2) charge should be dismissed or reduced to Vehicle and Traffic Law § 509 (1), based on any reading or interpretation of Vehicle and Traffic Law § 511 (2). Specifically, in 1990 defendant’s license was revoked for one year upon sentencing for violation of Vehicle and Traffic Law § 1192 (3) and he argues that after the one-year suspension expired, defendant’s status was that of a person without a license. Hence, when issued a ticket on August 15, 1994, three years after the expiration date of the one-year suspension, defendant was driving without a license (Vehicle and Traffic Law § 509) rather than driving with a license in revoked status (Vehicle and Traffic Law § 511 [2]). The People contend that once a license is revoked, the status remains as "revoked” until the Department of Motor Vehicles (DMV) issues a valid license.
Despite the arguments of the parties on this issue, the fact remains that the People must prove a prima facie case that defendant knew or had reason to know that his license revocation was still in effect. The defendant has made allegations suggesting that the one-year license suspension had "expired”, thus defendant had no reason to know his license was still in a "revoked” status. The defendant is arguing, "how can my license be revoked if I didn’t have a license to revoke on the date in issue?” The court agrees that at first glance defendant finds himself subject to a license revocation of an indefinite duration. The defendant calls this a "ludicrous” statutory interpretation. The defendant is incorrect.
The issue of determining the status of a driver’s license in other ambiguous factual situations has been addressed. The issuance of a conditional license does not terminate a previous license suspension and does not preclude being charged with Vehicle and Traffic Law § 511. (People v Sabin, 139 Misc 2d 641 [1988].) The issuance of a restricted use license issued pursuant to Vehicle and Traffic Law § 530 will preclude the Vehicle and Traffic Law § 511 charge. (People v Greco, 151 Misc 2d 859 [App Term, 2d Dept 1992].) The court notes that the Vehicle and Traffic Law § 509 (1) charge which the defendant seeks is a lesser included offense of Vehicle and Traffic Law § 511 (3). (People v Gribben, 164 AD2d 944 [2d Dept 1990].) The fact that a reasonable view of the evidence could support a finding that defendant committed the offense of Vehicle and Traffic Law § 509 is not to be equated with a statutory interpretation on the issue of the length of a license revocation, and in no way requires dismissal or reduction.
*652 The relevant statutes and regulations clearly suggest the status of defendant’s license to be "revoked” until the Commissioner of DMV issues a license to him. The times prescribed by Vehicle and Traffic Law § 1194 (2) (d) (1) (a) and § 1193 (2) (b) (3) for defendant’s revocation constitute a minimum not a maximum period for the license revocation (Vehicle and Traffic Law § 1193 [2] [c]) as follows: Vehicle and Traffic Law § 1193 (2) (b) (3) "Driving while intoxicated or while ability impaired by drugs; prior offense. One year, where the holder is convicted of a violation of subdivision two, three or four of section eleven hundred ninety-two of this article committed within ten years of a conviction for a violation of subdivision two, three or four of section eleven hundred ninety-two of this article.” Vehicle and Traffic Law § 1193 (2) (c) "Reissuance of licenses; restrictions. Where a license is revoked pursuant to paragraph (b) of this subdivision, no new license shall be issued after the expiration of the minimum period specified in such paragraph, except in the discretion of the commissioner.”
The statute by its express language deems the revocation or suspension as an administrative act. (Vehicle and Traffic Law § 510 [7].) Furthermore, a license may be restored by direction of the Commissioner "but not otherwise”. (Vehicle and Traffic Law § 510 [5].) Further, where a license is revoked, no new license shall be issued after the minimum time period except in the discretion of the Commissioner. (Vehicle and Traffic Law § 1193 [2] [c].) Defendant’s motion is based on an interpretation of the revocation status that is untenable.
The defendant who has continuously driven in this State without a license for a decade now calls upon the court to adopt this convoluted legal philosophy and dismiss the charges or reduce them. A license to drive in this State is a privilege, not a right. The defendant’s privilege was revoked and he has never applied to have that status changed.
If you never had a license and you drive — you are driving without a license.
If your license or privilege to drive in this State has been revoked and you drive, you are driving with a revoked license until the Commissioner of the Department of Motor Vehicles restores that license (upon your application). (See, Vehicle and Traffic Law § 1193 [2] [c].)
The motion to dismiss this charge, or reduce it, is denied.