OPINION OF THE COURT
Frank J. LaBuda, J.
*911 Defendant moved by omnibus motion for an order for a Huntley hearing, Sandoval, Ventimiglia and Molineux hearings and Brady material. This court rendered a decision and order dated September 20, 2006 with respect to the above requests.
Defendant also moved to dismiss count I of superior court information (SCI) No. 176W-06 as part of his omnibus motion. This decision and order addresses that portion of defendant’s omnibus motion.
The People submit an affirmation in opposition. Defendant submits a reply affirmation.
Defendant was arraigned upon, inter alia, a misdemeanor driving while intoxicated (DWI) charge in the Mamakating Town Court on November 15, 2005. At arraignment, his driver’s license was suspended and, after a hearing, the town judge issued a hardship license. On December 15, 2005 the New York State Department of Motor Vehicles converted said license to a conditional license. The pertinent condition of this license limits driving “enroute to and from the holder’s place of employment.”[1] The defendant’s DWI charges remained pending.
On December 23, 2005 defendant was charged with, inter alia, misdemeanor DWI after he drove his car off the road and hit a guardrail on his way home from his workplace in Kingston, New York.
Defendant agreed to waive grand jury indictment and was arraigned in Sullivan County Court upon superior court information (SCI) No. 176W-06 on June 14, 2006. Said SCI No. 176W-06, pursuant to the December 23, 2005 incident, charged defendant, inter alia, in count I with aggravated unlicensed operation (AUO) of a motor vehicle in the first degree under Vehicle and Traffic Law § 511 (3) (a) (i), a class E felony, and in counts II and III with DWI as a misdemeanor.[2]
Defendant herein moves to dismiss count I, aggravated unlicensed operation of a motor vehicle in the first degree, as a matter of law.
Defendant argues that on December 23, 2005 he was working at his proper job and workplace, may have had one or more drinks from a punch bowl while at work (it was Christmas time) and was on his way home from work when he ran his car off the road and was charged with DWI.
*912 Defendant argues that he held a proper driver’s license at the time,[3] that his license was not suspended or revoked and there is no legal basis to charge him with AUO as a felony. He also argues, that, arguendo, even if he was at a Christmas party at his workplace and not actually working that day, the most he could be charged with is violation of Vehicle and Traffic Law § 1196 (7) (a), driving out of conditions.
The defendant relies on People v Greco (151 Misc 2d 859 [App Term, 2d Dept 1992]) for legal argument.
The People, on the other hand, argue that an AUO felony is a proper lawful charge as the defendant was at a Christmas party at his workplace on December 23, 2005, his driver’s license was suspended on November 15, 2005 and he was charged with a drinking driver offense as a result of his accident. Thus, when he was driving home from Kingston, New York, he had no license to drive.
The People rely on People v Sabin (139 Misc 2d 641 [Westchester County Ct 1988]) for their legal support.
This court finds no decisions relating to the issue or facts to the case at bar in the Third Judicial Department.
To commit the offense of section 511 (3) (a), aggravated unlicensed operation of a motor vehicle in the first degree, the defendant has to commit the offense of aggravated unlicensed operation of a motor vehicle in the second degree and operate a motor vehicle while under the influence of alcohol or a drug in violation of subdivisions (2), (3), (4), or (5) of section 1192.
Section 511 (2) (a) requires a person to commit the offense of aggravated unlicensed operation of a motor vehicle in the third degree (§ 511 [1] [a]).
Section 511 (1) (a) states, “A person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the third degree when such person operates a motor vehicle . . . knowing or having reason to know that such person’s license or privilege . .•. is suspended, revoked or otherwise withdrawn” (emphasis added).
The People argue that defendant’s license was suspended at the time of his accident on December 23, 2005 since he was not in a “to and from work status.”
The People’s reliance on defendant’s work status is misplaced.
*913 Vehicle and Traffic Law § 1196 was enacted by the New York State Legislature on April 15, 1988 and became effective after Governor’s signature on November 1, 1988.[4]
Vehicle and Traffic Law § 1196 created a conditional license[5] and driving outside of the conditions or restrictions placed upon the user thereof is a traffic infraction.[6] Thus, the Legislature anticipated this violation of the use of a “conditional license.”
Vehicle and Traffic Law § 509 (5) states: “No person shall hold more than one unexpired license issued by the commissioner at any one time.”
This court rejects the reasoning of People v Sabin (supra) wherein the court is of the opinion that a person may hold two licenses at the same time, a conditional license and a revoked license, and could be charged with AUO. In addition, Sabin is inapplicable herein as it was decided prior to the enactment and effective date of Vehicle and Traffic Law § 1196.
The court in Sabin disagreed with the conclusion in People v Tousley (86 Misc 2d 1059 [Yates County Ct 1976]) which held that there is no significant distinction between a conditional license or a restricted license and the proper charge should be a violation of Vehicle and Traffic Law § 509 (3) (driving out of restriction), not AUO. Tousley was also decided prior to the enactment of Vehicle and Traffic Law § 1196.
This court concurs with the reasoning of People v Greco (supra), which was decided in 1992, more than three years after the enactment of the conditional license statute.
This court holds that a person possessing a valid conditional license has a license to drive a motor vehicle, cannot hold more than one unexpired license at a time and, thus, the People cannot prosecute the defendant for aggravated unlicensed operation of a motor vehicle under any subdivision of Vehicle and Traffic Law § 511.
Based upon the above, it is ordered that count I of superior court information No. 176W-06 is herein and hereby dismissed.

. The defendant is a union electrician building the new Ulster County Jail in Kingston, New York.

. The initial November 15, 2005 DWI is still pending trial in the Mamakating Town Court.

. A conditional license was issued by the New York State Department of Motor Vehicles on December 15, 2005.

. See, L 1988, ch 147.

. Vehicle and Traffic Law § 1196 (7) (a).

. Vehicle and Traffic Law § 1196 (7) (f).