■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PETER RIVERA, Respondent. [896 NYS2d 408]—

Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Cacace, J.), dated April 23, 2009, as granted that branch of the defendant's motion which was to dismiss count two of the indictment, charging aggravated unlicensed operation of a motor vehicle in the first degree, on the ground that the evidence presented to the grand jury was legally insufficient.

Ordered that the order is affirmed insofar as appealed from.

The Supreme Court properly granted that branch of the de-

fendant's motion which was to dismiss the count of the indictment charging him with aggravated unlicensed operation of a motor vehicle in the first degree in violation of Vehicle and Traffic Law § 511 (3). The grand jury minutes established that, at the time of his arrest, the defendant had a conditional driver's license, which had been issued to him one day after his driver's license had been revoked as a consequence of a previous conviction for driving while intoxicated. Upon the issuance of the conditional license, the defendant's status as a person with a revoked license was superseded by his status as a person with a conditional license (*see People v Greco,* 151 Misc 2d 859, 861 [1992]; *see also People v Buckley,* 13 Misc 3d 910 [2006]; *People v Tousley,* 86 Misc 2d 1059 [1976]). Accordingly, the grand jury evidence did not demonstrate prima facie (*see People v Gordon,* 88 NY2d 92, 95-96 [1996]), that the defendant operated a motor vehicle with knowledge that his license was "suspended, revoked or otherwise withdrawn" by the Department of Motor Vehicles (Vehicle and Traffic Law § 511 [1] [a]) and, thus, was not legally sufficient to establish the offense of aggravated unlicensed operation of a motor vehicle in the first degree in violation of Vehicle and Traffic Law § 511 (3). Although the defendant would have been subject to prosecution under Vehicle and Traffic Law § 1196 (7) (f) had he been driving in violation of the terms of his conditional license, the People did not seek to indict him under that statutory provision. Prudenti, P.J., Dillon, Eng and Roman, JJ., concur.